885 P.2d 117

STATE of Arizona, Appellee–Respondent,

v.

Ingmar R. EKMANIS, Appellant–Petitioner.

Nos. 1 CA–CR 92–1456, 1 CA–CR 94–0001–PR.

Court of Appeals of Arizona, Division 1, Department D.

April 19, 1994.

Redesignated as Opinion and Publication Ordered June 7, 1994.

Review Denied Dec. 20, 1994.

Grant Woods, Atty. Gen. by Paul J. McMurdie, Chief Counsel, Crim. Div., and Susanna C. Pineda, Asst. Atty. Gen., Phoenix, for appellee-respondent.

John M. Antieau, Phoenix, for appellant-petitioner.

## OPINION

GERBER, Judge.

Appellant–Petitioner Ingmar R. Ekmanis (Ekmanis) appeals from his conviction for one count of aggravated driving while under the influence of intoxicating liquor and from the sentence imposed. He also seeks review, *in propria persona*, of the trial court's summary dismissal of his petitions for post-conviction relief. Because we find that substantial evidence supports his conviction, we affirm the judgment and sentence. Because his petition for review fails to comply with the requirements of Rule 32.9(c), we dismiss the petition.

## BACKGROUND

On March 9, 1990, Ekmanis was arrested for driving under the influence of intoxicating liquor. When he refused to submit to a breath test, he was personally notified by a police officer that his driver's license would be suspended for a period of twelve months, beginning fifteen days after the date of notice. The officer asked Ekmanis to surrender his driver's license. At the time of his arrest, Ekmanis had two licenses: a class 2 Arizona operator's license and a class 4 Arizona chauffeur's license. He surrendered the chauffeur's license but retained the operator's license.

On May 17, 1991, a Glendale police officer, using a radar gun, clocked Ekmanis's truck travelling at fifty-five miles per hour in a forty-mile-per-hour zone. The officer followed the truck into a convenience store parking lot. When the officer approached the truck, he observed that Ekmanis exhibited several signs of impairment: slurred speech, a "vague" demeanor, and a distinct odor of alcohol emanating from his breath. Ekmanis produced the class 2 operator's license in response to the officer's request for his license. He was unsuccessful in his attempts to perform all of the field sobriety tests except one. When given the HGN test, he exhibited six signs of impairment, which was the maximum possible.

Ekmanis was placed under arrest and transported to the police station. When he was asked to submit to a breath test, he refused. After a search of Ekmanis's truck, officers found a 750–milliliter bottle of vodka that was three-quarters empty.

Ekmanis was charged by complaint in Glendale Justice Court with one count of aggravated driving or actual physical control while under the influence of intoxicating liquor or drugs, a class 5 felony, in violation of Ariz.Rev.Stat.Ann. ("A.R.S.") section 28–692.02(A)(1) [1]. He subsequently was charged by information in superior court with the same offense. The state filed an allegation

---

1. At the time of the offense, A.R.S. § 28–692.02(A)(1) (now § 28–697) provided, in relevant part:

   A. A person is guilty of a class 5 felony if the person does any of the following:

   1. Commits a violation of § 28–692 while the person's driver's license is suspended, cancelled, revoked or refused or in violation of a restriction placed on a driver's license as a result of violating § 28–692.

of prior convictions, alleging two prior felony offenses.

The matter was tried to a jury. Following the state's case-in-chief, defense counsel moved for a directed judgment of acquittal pursuant to Rule 20, Arizona Rules of Criminal Procedure. Counsel argued that the state failed to prove that Ekmanis's driving was impaired. Counsel further argued that the state failed to prove that Ekmanis knew or should have known that his license was suspended because, at the time of his arrest, he possessed an Arizona driver's license and twelve months had expired since the time of his March 1990 suspension. The trial court denied the motion.

The jury found Ekmanis guilty of aggravated DUI. Following a trial on the allegation of prior convictions, the jurors returned a verdict finding that the state had proven the allegation beyond a reasonable doubt. The trial court sentenced Ekmanis to a presumptive five-year term of imprisonment with credit for 115 days of presentence incarceration. The court ordered that this sentence run consecutive to the sentence imposed in cause number 1 CA–CR 92–1455. Ekmanis filed a timely notice of appeal.

### DISCUSSION

*Direct Appeal*

Ekmanis asserts that the state must show that a defendant knew or should have known that his license was revoked in order to prove a violation of A.R.S. section 28–692.02(A)(1). He maintains that no substantial evidence existed to show that he knew or should have known that his driver's license or privilege to drive was suspended because, at the time of the present offense, he was in possession of a facially valid operator's license and the one-year suspension period had expired. He contends that because the state did not prove the element of knowledge, he is entitled to a judgment of acquittal.

■ We agree with Ekmanis that, in a prosecution for aggravated DUI, the state is required to prove that the defendant drove a motor vehicle under the influence of alcohol while his license was revoked and that he knew or should have known of the revocation.

*State v. Rivera,* 177 Ariz. 476, 479, 868 P.2d 1059, 1062 (App.1994) (citing *State v. Williams,* 144 Ariz. 487, 489, 698 P.2d 732, 734 (1985)). However, we disagree with his contention that the state did not meet its burden of proving the element of knowledge.

■ The record reveals that the state called Theresa Corey (Corey), custodian of records for the Motor Vehicle Division, to testify at trial regarding Ekmanis's suspension. Based on her review of Ekmanis's certified records, Corey testified that the records indicated that his driving privilege was suspended at the time he committed the present offense. She stated that he was personally served with notice of the suspension by a police officer on March 9, 1990.

A copy of the suspension notice, which was admitted into evidence, contained the following instruction: "Upon completion of the suspension period, you will be required to file future proof of financial responsibility and pay a ten-dollar reinstatement fee to the Motor Vehicle Division." This language informs the reader that reinstatement of one's driving privilege following suspension is not automatic: the driver must take affirmative action to regain that privilege.

The suspension notice also advises the reader of the obligation to surrender *all* driver's licenses he may possess: "[T]he arresting officer shall require the surrender of any/all Arizona driver license(s)/permit(s) in the arrestee's possession." Ekmanis should have known that he was obligated to surrender both the operator's license and the chauffeur's license at the time of his March 1990 arrest. His retention of the operator's license did not endow him with a separate privilege to drive apart from that which was suspended. *See State v. Mitchell,* 136 Ariz. 386, 388, 666 P.2d 486, 488 (App.1982) ("While the piece of paper designated a 'license' may be evidence of the privilege granted by the statutes to drive on the state's highways, it is the suspension, revocation or refusal of the privilege to drive by the State of Arizona which is the gravamen of the offense.").

We conclude that the record contains substantial evidence that Ekmanis should have

known that his license was suspended at the time of the present offense. The trial court did not err in denying his Rule 20 motion for judgment of acquittal. *See State v. Mathers,* 165 Ariz. 64, 67, 796 P.2d 866, 869 (1990) (under Rule 20, Arizona Rules of Criminal Procedure, a judgment of acquittal should be entered if there is "no substantial evidence to warrant a conviction").

*Petition for Review*

■ Ekmanis filed several Rule 32 petitions for post-conviction relief in the trial court regarding his representation in this matter. In his initial petition, filed on January 28, 1993, he alleged ineffectiveness of trial counsel. He subsequently amended this petition. Later, he filed another petition in which he alleged ineffectiveness of appellate counsel. The trial court summarily dismissed the petitions in a single minute entry. He petitions this court for review of the trial court's determination.

Ekmanis's petition for review fails to meet, even minimally, the requirements of Rule 32.9(c), Arizona Rules of Criminal Procedure. According to this rule, a petition for review must contain a synopsis of the trial court's rulings, issues to be considered, material facts, and reasons why the petition should be granted. Ariz.R.Crim.P. 32.9. He therefore fails to preserve any issues for review. Accordingly, we dismiss his petition for failure to comply with the requirements of Rule 32.

## CONCLUSION

We have reviewed the record for fundamental error pursuant to A.R.S. section 13–4035 and have found none. Ekmanis's conviction and sentence are affirmed. His petition for review is dismissed.

CLABORNE, P.J., and McGREGOR, J., concur.