STEWART, DIRECTOR, ARIZONA DEPARTMENT OF
CORRECTIONS *v.* SMITH

No. 01–339.   Decided December 12, 2001

PER CURIAM.

Respondent Robert Douglas Smith was convicted in 1982
of first-degree murder, kidnaping, and sexual assault.  He
was sentenced to death on the murder count, and consecu-

tive 21-year prison terms for the other counts. After a series of unsuccessful petitions for state postconviction relief, respondent filed a federal petition for a writ of habeas corpus under 28 U. S. C. § 2254 (1994 ed. and Supp. V) in the United States District Court for the District of Arizona. The petition alleged that his trial and appellate counsel were ineffective for failing to challenge various trial errors. Respondent had previously brought these ineffective-assistance claims in 1995 in a petition for state postconviction relief pursuant to Arizona Rule of Criminal Procedure 32 (West 2000). The Pima County Superior Court denied his claims, finding them waived under Arizona Rule 32.2(a)(3) because respondent failed to raise them in his previous two Rule 32 petitions. In doing so, it rejected as "outrageous" respondent's argument that his failure to raise these claims was also due to ineffective assistance—in particular, that his prior appellate and Rule 32 counsel, who are members of the Arizona Public Defender's office, refused to file ineffective-assistance-of-counsel claims because his trial counsel was also a member of the Public Defender's office. App. D to Pet. for Cert. 1.

On federal habeas, the United States District Court held respondent's claims barred by the Pima County Superior Court's procedural ruling. The court rejected respondent's allegations that a conflict between his appellate and Rule 32 counsel's responsibility toward respondent and their allegiance to the Public Defender's office was cause for his procedural default in state court. The Court of Appeals for the Ninth Circuit reversed, holding that the state procedural default was not independent of federal law and thus did not bar federal review of the merits of respondent's claim, 241 F. 3d 1191, 1196 (2001) (citing *Ake* v. *Oklahoma*, 470 U. S. 68, 75 (1985)). It reasoned that Arizona Rule 32.2(a)(3) applies a different standard for waiver depending on whether the claim asserted in a Rule 32 petition was of "sufficient constitutional magnitude," Ariz. Rule Crim. Proc. 32.2(a)(3), comment (West 2000), and that determination whether a claim is

of sufficient magnitude required, at the time the Superior Court ruled on respondent's ineffective-assistance claims, consideration of the merits of the claim, 241 F. 3d, at 1197 (citing *State* v. *French*, 198 Ariz. 119, 121–122, 7 P. 3d 128, 130–131 (App. 2000); *State* v. *Curtis*, 185 Ariz. 112, 115, 912 P. 2d 1341, 1344 (App. 1995)).

We hereby grant certiorari to review the Ninth Circuit Court of Appeals' determination that the Pima County Superior Court's procedural ruling was not independent of the merits of respondent's claims of ineffective assistance of trial and appellate counsel under the Sixth Amendment.* In order to determine whether the District Court may review these claims, we first must know whether the Court of Appeals properly interpreted Arizona law concerning Rule 32.2(a)(3). Therefore, we certify the following question to the Arizona Supreme Court pursuant to that court's rule concerning Certification of Questions of Law from Federal and Tribal Courts (Ariz. Sup. Ct. Rule 27 (West 2000)):

> At the time of respondent's third Rule 32 petition in 1995, did the question whether an asserted claim was of "sufficient constitutional magnitude" to require a knowing, voluntary, and intelligent waiver for purposes of Rule 32.2(a)(3), see Ariz. Rule Crim. Proc. 32.2(a)(3), comment (West 2000), depend upon the merits of the particular claim, see *State* v. *French*, 198 Ariz. 119, 121–122, 7 P. 3d 128, 130–131 (App. 2000); *State* v. *Curtis*, 185 Ariz. App. 112, 115, 912 P. 2d 1341, 1344 (1995), or merely upon the particular right alleged to have been violated, see *State* v. *Espinosa*, 200 Ariz. 503, 505, 29 P. 3d 278, 280 (App. 2001)?

We respectfully request that the Arizona Supreme Court accept our certification petition. That court's answer to this

---

*We also grant respondent's motion for leave to proceed *in forma pauperis* and the motion of the Criminal Justice Legal Foundation for leave to file a brief as *amicus curiae.*

question will help determine the proper state-law predicate for our determination of the federal constitutional questions raised in this case.

The Clerk of this Court is directed to transmit to the Supreme Court of Arizona an original and six certified copies of this opinion, the briefs and records filed in this Court in this case, and a list of the counsel appearing in this matter along with their addresses and telephone numbers, pursuant to Ariz. Sup. Ct. Rules 27(a)(3)(c) and (a)(4) (West 2000). Judgment and further proceedings in this case are reserved pending our receipt of a response from the Supreme Court of Arizona.

*It is so ordered.*