Ronald Eugene COUSIN, Petitioner—
Appellant,

v.

Megan SAVAGE, Respondent,

ARIZONA ATTORNEY GENERAL,
Respondent—Appellee.

No. 00–15378.
D.C. No. CV–95–02382–JBM.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 12, 2002.

Decided July 1, 2002.

Before LAY,* THOMPSON and TALLMAN, Circuit Judges.

## MEMORANDUM **

Arizona state prisoner Ronald Eugene Cousin appeals the district court's denial of his 28 U.S.C. § 2254 habeas corpus petition challenging his convictions in two separate jury trials for armed robbery, aggravated assault, kidnapping, and burglary in one case, and for armed robbery and attempted first degree murder in another. We granted a Certificate of Appealability ("COA") on two issues. First, Cousin argues that the district court erred by concluding that most of his claims were procedurally barred by the Arizona Court of Appeals ruling that he failed to comply with Arizona Rule of Criminal Procedure 32.9(c), when it appears that the state appellate court may have overlooked his corrected petition. Second, Cousin argues that his appellate counsel rendered ineffective assistance by failing to argue that trial counsel had been ineffective for failing to bring a suppression motion at his trial. We have jurisdiction under 28 U.S.C. §§ 1291 and 2253, and we affirm denial of the Federal petition.

 "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."

*Estelle v. McGuire,* 502 U.S. 62, 67–68, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991). Where, as here, a state prisoner has defaulted his claims pursuant to an independent and adequate state procedural rule,[1] federal habeas review is barred "unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson,* 501 U.S. 722, 750, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991).

 But even if we assume Cousin has established cause for his default due to the ambiguity surrounding whether the Arizona appellate court actually considered his corrected petition, we find that in light of the overwhelming evidence of his guilt that he fails to make the requisite showing of actual prejudice.

The first of Cousin's defaulted claims concerns the jury's consideration of an erroneous evidence label included with a gun admitted into evidence at Cousin's trial for the bar robbery. The jury's question focused on where the incriminating evidence was found. Cousin had failed to object to trial testimony which had already informed the jury that Cousin had been arrested on an "unrelated matter," and that the gun

---

* Honorable Donald P. Lay, Senior United States Judge for the Eighth Circuit, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

1. The Arizona appeals court denied Cousin's petitions for post-conviction review on the ground that they did not satisfy Ariz. R.Crim. P. 32.9(c). This rule details the procedural requirements for a petition for post-conviction relief, including the required form, content, and deadlines. When a petition does not comply with these requirements, either the deficient claim or the entire petition is summarily dismissed. *See, e.g., State v. French,* 198 Ariz. 119, 7 P.3d 128, 131 (Ariz.Ct.App. 2000) (rejecting claims for failure to comply with Rule 32.9); *State v. Ekmanis,* 180 Ariz. 429, 885 P.2d 117, 120 (Ariz.Ct.App.1994) (rejecting procedurally deficient petition which failed to preserve any issues for review). It is now clear that this procedural ruling was truly independent of the merits. *See Stewart v. Smith,* 534 U.S. 157, 122 S.Ct. 1143, 151 L.Ed.2d 592 (2001), and *Stewart v. Smith,* 202 Ariz. 446, 46 P.3d 1067 (Ariz. 2002). We think federal habeas corpus review was procedurally barred and so hold.

had been found in Cousin's possession. If anything, as the Arizona Court of Appeals noted, the fact that the label indicated the gun had been found under a bed may have weakened the state's case. But in light of the other overwhelming evidence against him, we find that Cousin has failed to show that he was prejudiced here because this claim was procedurally defaulted.

In his second defaulted claim, Cousin asserts that the state's identification procedures used in the supermarket robbery trial violated his rights under the Sixth and Fourteenth Amendments. "An identification procedure is suggestive when it 'emphasize[s] the focus upon a single individual' thereby increasing the likelihood of misidentification." *United States v. Montgomery,* 150 F.3d 983, 992 (9th Cir.1998) (citation omitted).

The fact that an identification procedure is suggestive does not violate due process if the identification is sufficiently reliable. In *Neil v. Biggers,* 409 U.S. 188, 199–200, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972), the Supreme Court identified the following factors used to assess the reliability of an identification: 1) the opportunity of the witness to view the criminal; 2) the witness' degree of attention; 3) the accuracy of the witness' prior description of the criminal; 4) the level of certainty demonstrated by the witness at the confrontation; and 5) the length of time between the incident and identification.

In light of these factors and the totality of the circumstances, Cousin has not established that he was prejudiced by the pretrial identification procedures used to secure his conviction. Even if unduly suggestive (and the photographic montage and lineup procedures employed in this case arguably were not), the identifications were sufficiently reliable. *See, e.g., United States v. Duran–Orozco,* 192 F.3d 1277 (9th Cir.1999) (identification reliable even though defendants each held a white slip of paper during line-up while other persons in line-up did not); *Montgomery,* 150 F.3d at 992–93 (identification reliable despite use of only one photograph of each defendant and lapse of one year before identification was made).

Moreover, other substantial evidence supported Cousin's conviction, including the common modus operandi, the bloody shoe print, the match with the robbery victim's blood from Cousin's shoe, the gun, the fact that he was photographed committing one robbery on a camera in the supermarket, and that he was arrested while fleeing the scene of this second robbery. We hold that Cousin did not establish that he was prejudiced because his claim regarding pretrial identification procedures was procedurally defaulted.

Cousin argues that because he prevailed in his § 1983 civil action against the arresting officer, his trial counsel should have moved to suppress the evidence seized in conjunction with his "illegal" arrest: namely, the gun, his shoes, and the loot.

Notwithstanding the judgment in his favor, we reject Cousin's claim of ineffective assistance of appellate counsel on the ground that he again fails to demonstrate prejudice, i.e., "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington,* 466 U.S. 668, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Even if Cousin had been able to establish that the evidence was seized as a result of an unlawful arrest, any suppression motion brought by trial counsel most likely would have failed under the inevitable discovery and inventory booking exceptions to the exclusionary rule. *Nix v. Williams,* 467 U.S. 431, 444, 104 S.Ct. 2501, 81 L.Ed.2d 377 (1984). The district court properly dismissed his

federal petition seeking habeas corpus relief.

AFFIRMED.

THOMPSON, J., Concurring.

I concur in the result and the reasoning of the majority, except for the holding that the procedural default rule bars Cousin's habeas claims. As I read the record, Cousin did not default. The state appeals court based its ruling that Cousin defaulted on a factual finding that he had failed to file a corrected state petition after his original petition failed to comply with Arizona Rule of Criminal Procedure 32.9.[1] In actuality, the state docket demonstrates that a corrected petition was filed. This removes the necessary factual predicate for the state court's ruling. *See* 28 U.S.C. § 2254(d)(8) (1995) (presumption of correctness that applies to state court factual findings is overcome where not fairly supported by the record); *Francois v. Wainwright*, 741 F.2d 1275, 1280–81 (11th Cir. 1984) (analyzing a state record under the presumption of correctness to determine whether a procedural default took place).[2]

Given the state court's erroneous factual finding, I would hold that Cousin's petition is not procedurally barred. The Supreme Court has explained that although a constitutional protection may be denied on state grounds, "it is the province of [federal courts] to inquire whether the decision of the state court rests upon a fair or substantial basis. If unsubstantial, constitutional obligations may not be thus avoided." *Lawrence v. State Tax Comm'n*, 286 U.S. 276, 282, 52 S.Ct. 556, 76 L.Ed. 1102

(1932). For this reason, we only apply the procedural default rule where the state rule is both independent and adequate. *Coleman v. Thompson*, 501 U.S. 722, 750, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991); *Ford v. Georgia*, 498 U.S. 411, 422–25, 111 S.Ct. 850, 112 L.Ed.2d 935 (1991).

Here, the state court's finding of default was not adequate because it was not supported by the factual record. *See Upshaw v. Singletary*, 70 F.3d 576, 580 (11th Cir. 1995) ("Because the state court's denial of the [habeas petitioner's] claim was inconsistent [with state law] and manifestly unfair, the denial did not provide an adequate ground to preclude federal review."); *Williams v. Lane*, 826 F.2d 654, 660 (7th Cir.1987) ("[W]here the [state] court chooses to ignore the fact that the petitioner has fully complied with the state's articulated procedural rules and simply deems the petitioner's claim waived .... [the state court's] determination of waiver ... does not rest on an independent and adequate state procedural ground and consequently does not preclude federal habeas review.") (citation omitted); *see also Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986) (the federal court "must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to .comply with the rule."); *Silverstein v. Henderson*, 706 F.2d 361, 367 n. 11 (2d Cir.1983) ("[A]n unsupported or manipulative finding of procedural default would not constitute an adequate state ground barring federal habeas relief.") (dicta).

---

1. The district court found that the state court had failed to consider Cousin's corrected petition. We review the district court's finding for clear error. *Amadeo v. Zant*, 486 U.S. 214, 223, 108 S.Ct. 1771, 100 L.Ed.2d 249 (1988). Where, as here, there are two permissible views of the evidence, we cannot say

the court's choice was clearly erroneous. *Id.* at 226, 108 S.Ct. 1771.

2. The 1995 version of § 2254 applies to Cousin because he filed his petition prior to the effective date of the Anti–Terrorism and Effective Death Penalty Act (AEDPA).

The majority relies on the Supreme Court's statement in *Estelle v. McGuire*, 502 U.S. 62, 67–68, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991), that "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." The issue in *Estelle* was whether habeas relief could be granted for a state court's erroneous application of state law, and the Court held that it could not. This holding says nothing about application of the procedural default rule. It in no way undermines a federal court's ability to review whether a state court ruling is independent and adequate.

The majority also relies on *Stewart v. Smith*, 534 U.S. 157, 122 S.Ct. 1143, 151 L.Ed.2d 592 (2001), and *Stewart v. Smith*, 202 Ariz. 446, 46 P.3d 1067 (Ariz.2002), which stand for the proposition that Arizona Rule of Criminal Procedure 32.9 is an independent state ground. Fair enough. But independence and adequacy are different things. Here, the state's reliance on its procedural rule was inadequate. I would reach the merits of Cousin's habeas petition.

Nonetheless, I arrive at the same result as my respected colleagues. Cousin, a pre-AEDPA petitioner, is not entitled to habeas relief. Even if his claims of error are valid, such errors did not have a "substantial and injurious effect or influence in determining the jury's verdict." *Brecht v. Abrahamson*, 507 U.S. 619, 637, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993) (quotation marks and citation omitted). Thus, I concur in the majority's judgment.