**Johnny Dale BLACK, Petitioner–Appellant,**

v.

**Randall G. WORKMAN, Oklahoma State Penitentiary, Respondent–Appellee.**

No. 10–6062.

United States Court of Appeals, Tenth Circuit.

June 14, 2012.

Randy A. Bauman, Sarah M. Jernigan, Office of the Federal Public Defender, Oklahoma City, OK, for Petitioner–Appellant.

Seth S. Branham, Office of the Attorney General for the State of Oklahoma, Oklahoma City, OK, for Respondent–Appellee.

Before LUCERO, HARTZ, and O'BRIEN, Circuit Judges.

## ORDER

HARRIS L. HARTZ, Circuit Judge.

Defendant Johnny Black was convicted of first-degree murder and sentenced to death. After unsuccessfully appealing to the Oklahoma Court of Criminal Appeals (OCCA), *see Black v. State,* 21 P.3d 1047 (Okla.Crim.App.2001), and pursuing two postconviction proceedings in state court, Defendant unsuccessfully applied for relief under 28 U.S.C. § 2254 in the United States District Court for the Western District of Oklahoma. The district court dismissed most of his claims on the merits. On the remaining claims the district court denied relief on the ground of procedural bar.

Defendant appealed the district court's decision to this court. In a published opinion (attached to this order) we affirmed the district court on the merits on most of the claims. We did not, however, rule on Defendant's remaining claims because the propriety of the procedural-default dismissal of those claims depends on a question of Oklahoma law. Although not conceding that these claims had merit, the State did not argue in this court that the claims lacked merit even if not procedurally defaulted.

## I. BACKGROUND

A full statement of the procedural background and legal issues relevant to the certified question can be found in the attached published opinion. We provide

only a summary here. Defendant's procedurally barred claims were not presented to the OCCA on his direct appeal or his first postconviction application in state court. When presented in his second state postconviction application, the OCCA denied the application under Okla. Stat. tit. 22, § 1089(D)(8), which allows a second postconviction application only if it raises a claim that could not have been raised previously because the factual or legal basis was unavailable. *See* Op. Denying Second Appl. for Post–Conviction Relief & Req. for an Evidentiary Hr'g at 3, *Black v. State*, No. PCD–2006–1059 (Okla.Crim. App. Apr. 14, 2008) (unpublished).

Ordinarily, "federal habeas relief will be unavailable when (1) a state court has declined to address a prisoner's federal claims because the prisoner had failed to meet a state procedural requirement, and (2) the state judgment rests on independent and adequate state procedural grounds." *Walker v. Martin*, — U.S. ——, 131 S.Ct. 1120, 1127, 179 L.Ed.2d 62 (2011) (brackets and internal quotation marks omitted). For a state procedural ground to be independent of federal law, it "must have been the exclusive basis for the state court's holding." *Moore v. Reynolds*, 153 F.3d 1086, 1096 (10th Cir.1998) (internal quotation marks omitted).

Defendant does not challenge the OCCA's determination that his procedurally barred claims could have been raised previously. He contends, however, that § 1089(D)(8) is not independent of federal law because the OCCA applied the rule only after reviewing the merits of his federal constitutional claims. *See Ake v. Oklahoma*, 470 U.S. 68, 75, 105 S.Ct. 1087, 84 L.Ed.2d 53 (1985) ("[W]hen resolution of the state procedural law question depends on a federal constitutional ruling, the state-law prong of the court's holding is not independent of federal law."); *Brecheen v. Reynolds*, 41 F.3d 1343, 1354 (10th Cir.1994) (holding on habeas review that a state procedural ruling was not independent under *Ake*). He points out that the OCCA has said that it can review a claim that would otherwise be procedurally barred if the "error complained of has resulted in a miscarriage of justice, or constitutes a substantial violation of a constitutional or statutory right." *Valdez v. State*, 46 P.3d 703, 710 (Okla.Crim.App. 2002); *see Malicoat v. State*, 137 P.3d 1234, 1235 (Okla.Crim.App.2006). Thus, he argues, to deny him relief on procedural grounds, the OCCA must have decided that his claims did not raise "a substantial violation of a [federal] constitutional ... right" and that decision was necessarily *not* independent of federal law. Aplt. Br. at 37 (internal quotation marks omitted).

## II. QUESTION CERTIFIED

The United States Court of Appeals for the Tenth Circuit submits this request to the Oklahoma Court of Criminal Appeals to exercise its discretion to accept the following certified question of Oklahoma law in accordance with 10th Cir. R. 27.1 and Okla. Stat. tit. 20, § 1602:

> At the time of Defendant's second postconviction application in 2008, did the decision whether his claims of violations of federal constitutional rights were procedurally barred under Okla. Stat. tit. 22, § 1089(D)(8) depend on the merits of the claims?

The answer to this question may be determinative of Defendant's remaining habeas claims, and it appears that there is no controlling precedent in the Oklahoma Court of Criminal Appeals.

The OCCA may reformulate this question. In certifying this question we follow the example of the United States Supreme Court in *Stewart v. Smith*, 534 U.S. 157, 122 S.Ct. 1143, 151 L.Ed.2d 592 (2001) (per curiam) (certifying a question of state law

relevant to determining whether a state procedural ruling was independent of federal law).

We greatly appreciate the consideration of this request. The clerk of this court shall submit to the Oklahoma Court of Criminal Appeals a certified copy of this order, together with copies of the briefs filed in this court and a copy of the judgment of the district court. The clerk of this court shall also transmit a copy of this certification order to counsel for all parties to the proceedings in this court and to the Clerk of the United States District Court for the Western District of Oklahoma, attention case No. 5:02–CV–00225–C.

This appeal is ABATED pending the consideration of this certification request.