29 P.3d 278

The STATE of Arizona, Petitioner,

v.

Anthony Pro ESPINOSA, Respondent.

Nos. 2 CA–CR 98–0131, 2
CA–CR 99–0444–PR.

Court of Appeals of Arizona,
Division 2, Department B.

July 31, 2001.

Barbara LaWall, Pima County Attorney, By Kerry L. Muehlenbeck, Tucson, for Petitioner.

Susan A. Kettlewell, Pima County Public Defender, By Brian X. Metcalf, Tucson, for Respondent.

*OPINION*

DRUKE, J.

¶ 1 Anthony Espinosa was indicted on three counts of sexual assault, two counts of kidnapping, one count of attempted sexual

assault, and one count of aggravated assault. The prosecutor offered and Espinosa accepted a favorable plea agreement, but the prosecutor later withdrew the offer based on the victim's and her family's objection to a non-trial disposition. The case proceeded to trial before a jury, which found Espinosa guilty of one count each of sexual assault, kidnapping, and misdemeanor assault. The trial court sentenced Espinosa to concurrent prison terms of fourteen years and ten years on the first two counts and to a concurrent, six-month jail term on the misdemeanor count.

¶ 2 Espinosa filed a notice of appeal and, shortly thereafter, petitioned the trial court for post-conviction relief pursuant to Rule 32, Ariz. R.Crim. P., 17 A.R.S.[1] In his Rule 32 petition, Espinosa challenged the prosecutor's withdrawal of the plea offer, claiming the withdrawal had violated his due process rights because it was based "solely" on the victim's objection to the offer. The offer had provided that Espinosa would plead no contest to attempted aggravated assault involving serious physical injury and face a sentencing range of one to 3.75 years in prison. Espinosa argued in his Rule 32 petition that, although victims have a right to be heard by and confer with a prosecutor about plea offers, Ariz. Const. art. II, § 2.1(A)(4), (6), and A.R.S. § 13–4423(A), a prosecutor has a duty to "seek justice" and represent all people, not just the victim. He thus asserted that the prosecutor's sole reliance on the victim's wishes breached that duty and violated his due process rights. Espinosa also claimed that, by withdrawing the plea offer, the prosecutor had violated the Arizona Distribution of Powers Clause, Ariz. Const. art. III, arguing that the "power and authority [to rescind a plea offer] can not be delegated to the victim."

¶ 3 In an evidentiary hearing, the trial court heard testimony from Espinosa, the victim, the victim's father, the prosecutor, Espinosa's former attorney, and his trial attorney. The prosecutor testified that he had decided to withdraw the plea offer after he had conducted a mock cross-examination of the victim and found her credible. In contrast, Espinosa's former attorney testified that the prosecutor had told him the victim's "father was adamant that the case could not plead and that because of the position [the father] had taken," the prosecutor "was not going to be allowed to [offer] a plea." Similarly, Espinosa's trial counsel testified that the prosecutor had stopped him "in the hallway and said he had to withdraw the plea" because "the victim's parents had called [the Pima County Attorney] and had complained that there was going to be a plea agreement [and] . . . the victim's family did not want any kind of plea agreement. And that as a result . . . he was going to have to withdraw the plea agreement."

¶ 4 In its subsequent ruling, the trial court found that the County Attorney had told the prosecutor "that the plea should be withdrawn and the matter should go to trial." The court also found that the County Attorney's decision "was based solely on the victim's and her family's objection to a non-trial disposition." Relying on *State v. Wood,* 180 Ariz. 53, 881 P.2d 1158 (1994), and *State v. Lavers,* 168 Ariz. 376, 814 P.2d 333 (1991), the trial court ruled that the offer had been withdrawn "for improper reasons" and that the withdrawal had "violated both [Espinosa's] due process rights and the Separation of Powers Clause of the Arizona Constitution." Accordingly, the court granted post-conviction relief and ordered the prosecutor to give Espinosa an opportunity to accept the plea offer. The state's petition for review followed.

¶ 5 We review a trial court's decision in a post-conviction proceeding for an abuse of discretion. *State v. Amaya–Ruiz,* 166 Ariz. 152, 800 P.2d 1260 (1990). That discretion was abused here because we find that Espinosa's Rule 32 claim was precluded. And, even though the state did not assert preclusion in the trial court or on review, we may do so sua sponte. A.R.S. § 13–4232(C) ("Though the state has the burden to plead and prove grounds of preclusion, any court on review of the record may determine and hold that an issue is precluded regardless of

---

1. We consolidated Espinosa's petition for review with his appeal. In a separate memorandum decision filed this date, we address Espinosa's claims on appeal.

the state's failure to raise the preclusion issue."); Ariz. R.Crim. P. 32.2(c) (same).

¶ 6 Rule 32.1(a), Ariz. R. Crim. P., allows a defendant to seek post-conviction relief on the ground that "[t]he conviction or the sentence was in violation of the Constitution of the United States or of the State of Arizona." But Rule 32.2(a)(3), Ariz. R.Crim. P., precludes post-conviction relief if the petition is based on any ground that "has been waived at trial, on appeal, or in any previous collateral proceeding." And Rule 32.2(b) makes clear that preclusion applies to a claim, such as Espinosa's, that the conviction violated either the United States or the Arizona Constitution.

■■■ ¶ 7 Even so, preclusion does not apply to claims involving certain constitutional rights unless the record shows that the defendant knowingly, voluntarily, and intelligently waived the right. "If an asserted claim is of sufficient constitutional magnitude, the state must show that the defendant 'knowingly, voluntarily and intelligently' waived the claim." Cmt., Ariz. R.Crim. P. 32.2(a)(3). Thus, preclusion would not apply to claims involving such constitutional rights as the right to counsel, see State v. Harding, 137 Ariz. 278, 670 P.2d 383 (1983); the right to a jury trial, see State v. Masengill, 110 Ariz. 310, 518 P.2d 560 (1974); or the right to be tried by a twelve-person jury, see State v. Smith, 197 Ariz. 333, 4 P.3d 388 (App.1999), unless the record establishes that the defendant has knowingly, voluntarily, and intelligently waived the right. And, conversely, if the claim implicates a less significant constitutional right, preclusion applies even without a showing that the defendant knowingly, voluntarily, and intelligently waived the right. In other words, "the state may simply show that the defendant did not raise the error at trial ... and that would be sufficient to show that the defendant has waived the claim." Cmt., Ariz. R.Crim. P. 32.2(a)(3).

■■■ ¶ 8 In this case, Espinosa claimed, and the trial court found, that the prosecutor had improperly withdrawn the plea offer[2] and, thus, violated his due process rights and Arizona's Distribution of Powers Clause. In our opinion, however, Espinosa's claim does not implicate constitutional rights of sufficient magnitude that they require a knowing, voluntary, and intelligent waiver before preclusion applies. Neither of the alleged constitutional rights implicated here is such " 'an inherently personal right of fundamental importance'" that it must be personally and expressly waived. Smith, 197 Ariz. 333, ¶ 13, 4 P.3d 388, ¶ 13, quoting Winters v. Cook, 489 F.2d 174, 178 (5th Cir.1973). Preclusion thus applies if the record shows that Espinosa failed to raise before or at trial the claim he later raised in his Rule 32 petition.

■■■ ¶ 9 Our review of the record fails to show that Espinosa challenged the withdrawal of the plea offer before he filed his Rule 32 petition, even though it appears he had ample opportunity to do so. Indeed, the prosecutor withdrew the plea offer more than a month and a half before trial.[3] And we can reasonably infer from the record that Espinosa knew the plea offer had been withdrawn prior to trial. He had accepted the offer after discussing it with counsel, but his case nonetheless proceeded to trial. See State v. Gaffney, 121 Ariz. 271, 273, 589 P.2d 914, 916 (App.1979) (preclusion applies to matters that "by their nature ... had to be known to petitioner"). Moreover, Espinosa was present at a pre-trial status conference, at which his attorney explained to the trial court that "we had a plea[, but, after it was signed, the prosecutor] said the plea may or may not go. The victim went home to think it over. [Then, I g]et the call the next day saying we're going to trial ...."

¶ 10 Based on this record, we conclude that Espinosa waived his claim that the withdrawal of the plea offer violated his rights under either the federal or the state constitution and, he is thus precluded from post-convic-

---

2. Espinosa acknowledges that a criminal defendant does not have a constitutional right to a plea agreement. State v. Donald, 198 Ariz. 406, 10 P.3d 1193 (App.2000).

3. Had Espinosa timely challenged the withdrawal of the offer, either party could have sought special action relief from the trial court's ruling in this court. Ariz. R.P. Special Actions 1 and 3, 17B A.R.S.; see State v. Superior Court, 183 Ariz. 327, 903 P.2d 635 (App.1995).

tion relief on the claim. Allowing defendants to "roll the dice" at trial without objecting to an allegedly improper plea withdrawal could encourage a purposeful choice to forego raising issues at trial and on appeal, choices Rule 32.2 seeks to preclude. *See State v. Valdez,* 160 Ariz. 9, 13–14, 770 P.2d 313, 317–18 (1989) ("Defendant cannot take his chances on a favorable verdict, reserving the 'hole card' of a later appeal on an evidentiary matter that was curable at trial, and then seek appellate reversal from an unfavorable verdict.").

¶ 11 Because Espinosa's Rule 32 claim was precluded, the trial court abused its discretion in granting post-conviction relief. We therefore grant review and grant relief. The trial court's order giving Espinosa an opportunity to accept the plea agreement is vacated.

ESPINOSA, C.J., and HOWARD, P.J., concurring.