IN THE SUPREME COURT OF ARIZONA
En Banc

| | | |
|---|---|---|
| TERRY L. STEWART, DIRECTOR, ARIZONA DEPARTMENT OF CORRECTIONS, | ) ) ) | Arizona Supreme Court No. CV-01-0433-CQ |
| | ) | |
| Petitioner, | ) ) | United States Supreme Court No. 01-339 |
| | ) | |
| v. | ) ) | |
| | ) | |
| ROBERT DOUGLAS SMITH, | ) | **O P I N I O N** |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Certified Question from the Supreme Court of the United States

CERTIFIED QUESTION ANSWERED

_____

Janet A. Napolitano, Arizona Attorney General                    Phoenix
        By:    Kent E. Cattani, Chief Counsel,
                Capital Litigation Section
Attorneys for Petitioner

Williamson & Young, P.C.                                         Tucson
        By:    S. Jonathan Young
        - and -
Hirsh, Bjorgaard & Rogers, P.L.C.                               Tucson
        By:    Robert J. Hirsh
        - and -
Denise I. Young                                                 Tucson
Attorneys for Respondent

Arizona Capital Representation Project                          Tucson
        By:    Julie S. Hall
Attorney for Amicus Curiae
Arizona Capital Representation Project

K A U F M A N, Judge

**¶1**     The Supreme Court of the United States has certified the following question to this court:

> At the time of respondent's third Rule 32 petition in 1995, did the question whether an asserted claim was of "sufficient constitutional magnitude" to require a knowing, voluntary and intelligent waiver for purposes of Rule 32.2(a)(3), see Ariz. Rule Crim. Proc. 32.2(a)(3), comment (West 2000), depend upon the merits of the particular claim, see State v. French, 198 Ariz. App. 119, 121-122, 7 P. 3d 128, 130-131(2000); State v. Curtis, 185 Ariz. App. 112, 115, 912 P. 2d 1341, 1344 (1995), or merely upon the particular right alleged to have been violated, see State v. Espinosa, 200 Ariz. App. 503, 505, 29 P. 3d 278, 280 (2001)?

**¶2**     We have jurisdiction pursuant to Arizona Constitution art. 6, § 5(6), Arizona Revised Statutes § 12-1861 (1994), and Supreme Court Rule 27.

**¶3**     We hold that at the time of respondent's third Rule 32 petition in 1995, the question whether an asserted claim was of "sufficient constitutional magnitude" to require a knowing, voluntary and intelligent waiver for purposes of Rule 32.2(a)(3), see Comment to 32.2(a)(3), depended not upon the merits of the particular claim, but rather merely upon the particular right alleged to have been violated.

### Background

**¶4**     The certification petition and order stated these facts. Respondent Robert Douglas Smith was convicted in 1982 of first-degree murder, kidnapping and sexual assault. He was sentenced to death on the murder count, and consecutive 21-year prison terms for the other counts. After a series of unsuccessful petitions for state post-conviction relief, respondent filed a federal petition for a writ of habeas corpus in the United States District Court for the District of Arizona. The habeas corpus petition alleged that his trial

2

and appellate counsel were ineffective for failing to challenge various trial errors. Respondent had previously raised these ineffective assistance claims in 1995 in a petition for state post-conviction relief pursuant to Rule 32 of the Arizona Rules of Criminal Procedure. The Pima County Superior Court denied the claims, finding them waived under Rule 32.2(a)(3) because respondent failed to raise them in his previous two Rule 32 petitions.

¶5     In the federal habeas proceeding, the District Court held respondent's claims barred by the Pima County Superior Court's procedural ruling. The Court of Appeals for the Ninth Circuit reversed, holding that the state procedural default was not independent of federal law and thus did not bar federal review of the merits of respondent's claims. Smith v. Stewart, 241 F. 3d 1191 (9th Cir. 2001). It reasoned that Arizona's Rule 32.2(a)(3) applies a different standard for waiver depending on whether the claim asserted in a Rule 32 petition was of "sufficient constitutional magnitude," Comment to Rule 32.2(a)(3), and that determination whether a claim is of sufficient magnitude required consideration of the merits of the claim. The Court of Appeals relied upon State v. French, 198 Ariz. 119, 7 P.3d 128 (App. 2000), and State v. Curtis, 185 Ariz. 112, 912 P.2d 1341 (App. 1995).

¶6     The Supreme Court of the United States granted certiorari to review the Ninth Circuit Court of Appeals' determination that the Pima County Superior Court's procedural ruling was not independent of the merits of respondent's claims of ineffective assistance of trial and appellate counsel under the Sixth Amendment. In order to determine whether the District Court may review those claims, the Supreme Court first must know whether the Court of Appeals properly interpreted Arizona law concerning Rule 32.2(a)(3). Therefore,

3

it certified the present question, noting that this court's answer will help the Supreme Court determine the proper state-law predicate for its determination of the federal constitutional questions raised in this case.

**Discussion**

¶7        Prior to December 1, 1992, Rule 32.2, Ariz. R. Crim. Proc., provided:

a.  Preclusion.  A petitioner will not be given relief under this rule based upon any ground:

(1)  Still raisable on direct appeal under Rule 31 or on post-trial motion under Rule 24;

(2)  Finally adjudicated on the merits on appeal or in any previous collateral proceeding;

(3)  Knowingly, voluntarily and intelligently not raised at trial, on appeal, or in any previous collateral proceeding.

b.  Exceptions.  Rule 32.2 shall not apply to claims based on Rules 32.1(d), (e) and (g).

c.  Inference of Waiver.  The court may infer from the petitioner's failure to appeal or to raise an issue on appeal after being advised by the sentencing judge of the necessity that he do so, or his failure to raise any ground then available to him in a previous Rule 32 proceeding in which he was represented by counsel, that he knowingly, voluntarily and intentionally relinquished the right to do so.

d.  Standard of Proof.  The prosecutor shall plead and prove any ground of preclusion by a preponderance of the evidence; however, the inference of section (c) shall be considered part of the evidence.

¶8        Rule 32.2 was subsequently amended, and in 1995, when respondent filed his third petition for post-conviction relief, it provided:

a.  Preclusion.  A defendant shall be precluded from relief under this rule based upon any ground:

(1) Still raisable on direct appeal under Rule 31 or on post-trial motion under Rule 24;

(2) Finally adjudicated on the merits on appeal or in any previous collateral proceeding;

(3) That has been waived at trial, on appeal, or in any previous collateral proceeding.

b. Exceptions. Rule 32.2(a) shall not apply to claims for relief based on Rules 32.1(d), (e), (f) and (g). When a claim under Rules 32.1(d), (e), (f) or (g) is raised in a successive or untimely petition, the petition must set forth the reasons for not raising the claim in the previous petition or in a timely manner. If meritorious reasons do not appear substantiating the claim and indicating why the claim was not stated in the previous petition or in a timely manner, the petition shall be summarily dismissed.

c. Standard of Proof. The state shall plead and prove any ground of preclusion by a preponderance of the evidence.

Upon amendment, this Comment was added following the rule:

The pre-1992 version of Rule 32.2(a)(3) indicated that a defendant must 'knowingly, voluntarily and intelligently' not raise an issue at trial, on appeal, or in a previous collateral proceeding before the issue was precluded. See, Faye v. Noya, 372 U.S. 392 (1963). While that is the correct standard of waiver for some constitutional rights, it is not the correct standard for other trial errors. Accordingly, some issues not raised at trial, on appeal, or in a previous collateral proceeding may be deemed waived without considering the defendant's personal knowledge, unless such knowledge is specifically required to waive the constitutional right involved. If an asserted claim is of sufficient constitutional magnitude, the state must show that the defendant 'knowingly, voluntarily and intelligently' waived the claim. For most claims of trial error, the state may simply show that the defendant did not raise the error at trial, on appeal, or in a previous collateral proceeding, and that would be sufficient to show that the defendant has waived the claim. If defense counsel's failure to raise an issue at trial, on appeal or in a previous collateral proceedings is so egregious as to result in prejudice as that term has been constitutionally defined, such failure may be raised by means of a claim of ineffective assistance of counsel.

¶9        Rule 32.2(a)(3) states that a defendant shall be precluded from relief under

Rule 32 "based upon any ground . . . [t]hat has been waived at trial, on appeal, or in any

previous collateral proceeding." (Emphasis added.) The Comment addresses the showing the State must make in order for a ground to be "deemed waived." The Comment refers to two types of grounds. Some require a defendant's "personal knowledge" "to waive the constitutional right involved." Comment. The State must show that the defendant "'knowingly, voluntarily and intelligently' [did] not raise" the ground or denial of a right. Id. For all others, the State "may simply show that the defendant did not raise the error at trial, on appeal, or in a previous collateral proceeding." Id. See, e.g., State v. Moody, 192 Ariz. 505, ¶ 22, 968 P.2d 578, ¶ 22 (1998) (The waiver of the right to counsel "must be knowing, intelligent, and voluntary."); State v. Butrick, 113 Ariz. 563, 566, 558 P.2d 908, 911 (1976) (When a defendant waives his right to a jury trial, "the court must always address the defendant personally, pursuant to [Rule] 18.1(b)(1) to ascertain 'that the waiver is knowing, voluntary and intelligent.'"); State v. Smith, 197 Ariz. 333, ¶ 17, 4 P.3d 388, ¶ 17 (App. 1999) ("[A] defendant's right to a twelve-person jury under the Arizona Constitution is a right so inherently personal that it cannot be waived by defense counsel; only the defendant can waive it.").[1] See also Schneckloth v. Bustamonte, 412 U.S. 218, 237, 93 S. Ct. 2041, 2053 (1973) ("Almost without exception, the requirement of a knowing and intelligent waiver has been applied only to those rights which the Constitution guarantees to a criminal defendant in order to preserve a fair trial."); Brown v. Artuz, 124 F.3d 73, 77 (2nd Cir. 1997) ("[C]riminal defendants at trial 'possess essentially two categories of constitutional rights: those which are waivable by defense counsel on the defendant's behalf, and those which are considered "fundamental" and personal to the defendant,

---

[1] We are not suggesting that these are the only constitutional rights requiring personal waiver.

6

waivable only by the defendant.'") (quoting <u>United States v. Teague</u>, 953 F.2d 1525, 1531 (11th Cir. 1992)); <u>United States v. Plitman</u>, 194 F.3d 59, 63 (2nd Cir. 1999) ("Criminal defendants possess two types of constitutional rights, and a different waiver standard applies to each.").

¶10 The question whether an asserted ground is of "sufficient constitutional magnitude" to require a knowing, voluntary and intelligent waiver for purposes of Rule 32.2(a)(3), see Comment to 32.2(a)(3), does not depend upon the merits of the particular ground. It depends merely upon the particular right alleged to have been violated. <u>See</u> <u>State v. Espinosa</u>, 200 Ariz. 503, 29 P. 3d 278 (App. 2001). To the extent that <u>State v. French</u>, 198 Ariz. 119, 7 P.3d 128 (App. 2000), and <u>State v. Curtis</u>, 185 Ariz. 112, 912 P. 2d 1341 (App. 1995), suggest otherwise, they are disapproved.

¶11 Rule 32.1 grants reviews in trial courts that were previously unavailable there. Rule 32.2 is a rule of preclusion designed to limit those reviews, to prevent endless or nearly endless reviews of the same case in the same trial court. If the merits were to be examined on each petition, Rule 32.2 would have little preclusive effect and its purpose would be defeated.

**Conclusion**

¶12 With some petitions, the trial court need not examine the facts. For example, if a petitioner asserts ineffective assistance of counsel at sentencing, and, in a later petition, asserts ineffective assistance of counsel at trial, preclusion is required without examining facts. The ground of ineffective assistance of counsel cannot be raised repeatedly. There is a strong policy against piecemeal litigation. <u>See</u> <u>State v. Spreitz</u>, 202

7

Ariz. 1, 39 P.3d 525 (2002). In other situations, the court must determine the particular right involved by looking at the facts of the claim, not to decide its merits, but to decide whether, at its core, the claim implicates a significant right that requires a knowing, voluntary, and intelligent waiver for preclusion to apply under Rule 32.2(a)(3). Thus, if petitioner asserts ineffective assistance of counsel for the first time in a successive Rule 32 petition, the question of preclusion is determined by the nature of the right allegedly affected by counsel's ineffective performance. If that right is of sufficient constitutional magnitude to require personal waiver by the defendant and there has been no personal waiver, the claim is not precluded. If it is not of such magnitude, the claim is precluded.

_____
Roger W. Kaufman, Judge*

CONCURRING:


_____
Charles E. Jones, Chief Justice


_____
Ruth V. McGregor, Vice Chief Justice


_____
Stanley G. Feldman, Justice


_____
Thomas A. Zlaket, Justice (retired)


*Due to a vacancy on this court and pursuant to Ariz. Const. art 6, § 3, the Honorable Roger W. Kaufman, Judge of the Maricopa County Superior Court, was designated to sit with the court in the disposition of this matter.