NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Respondent,*

*v.*

MARK LEON STEWART, *Petitioner.*

No. 1 CA-CR 13-0532 PRPC
FILED 3-3-2015

Petition for Review from the Superior Court in Maricopa County
No. CR2005-109935-001
The Honorable David M. Talamante, Judge
The Honorable Bruce R. Cohen, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Diane Meloche
*Counsel for Respondent*

Mark Leon Stewart, Florence
*Petitioner*

---

**MEMORANDUM DECISION**

Judge Donn Kessler delivered the decision of the Court, in which Presiding Judge John C. Gemmill and Judge Kenton D. Jones joined.

---

**K E S S L E R**, Judge:

**¶1** Petitioner Mark Leon Stewart petitions this Court for review from the dismissal of his petition for post-conviction relief. We have considered the petition for review and, for the reasons stated, grant review, but deny relief.

**¶2** Stewart entered into a plea agreement with the State and pled guilty to sexual conduct with a minor and three counts of attempted sexual exploitation of a minor. The trial court sentenced him to 23.5 years' imprisonment for sexual conduct with a minor and placed him on lifetime probation for each count of attempted sexual exploitation of a minor. Stewart now seeks review of the summary dismissal of his second petition for post-conviction relief. We have jurisdiction pursuant to Arizona Rule of Criminal Procedure 32.9(c).

**¶3** Stewart claims that the trial court violated his constitutional right to due process during sentencing when it "double counted" elements of the offense of sexual conduct with a minor as aggravating factors. Stewart also argues that the imposition of lifetime probation violated his right to equal protection. In his first petition for post-conviction relief in 2006, Stewart raised the due process claim, and he could have raised the equal protection claim. Any claim a defendant raised or could have raised in an earlier post-conviction relief proceeding is precluded. Ariz. R. Crim. P. 32.2(a). None of the exceptions under Rule 32.2(b) apply. Although Stewart argues that the trial court should have allowed him to raise these issues in an untimely fashion because they are new theories he only recently discovered, this is not a cognizable exception under Rule 32.2(b).

**¶4** Stewart further alleges that his claims should not be precluded as untimely because the prison's law library lacked sufficient resources to permit him to bring his claims in a timely fashion. This argument is unavailing. Stewart asserts that the prison has lacked adequate legal resources since 1997, yet he failed to make this argument in his first

petition for post-conviction relief in 2006. Under Rule 32.2, Stewart is precluded from making this argument now.

¶5            Moreover, while it is true that claims implicating certain constitutional rights are not subject to preclusion, *State v. Espinosa*, 200 Ariz. 503, 505, ¶ 7, 29 P.3d 278, 280 (App. 2001), claims alleging the constitutional illegality of a defendant's conviction or sentence are subject to the general preclusion rule. *State v. Swoopes*, 216 Ariz. 390, 399, ¶ 28, 166 P.3d 945, 954 (App. 2007). Stewart raises claims of due process and equal protection violations in a second petition for post-conviction relief pursuant to Rule 32.1(a). These claims are subject to preclusion under Rule 32.2 and barred by an untimely filing pursuant to Rule 32.4. Stewart fails to articulate an argument that his constitutional claims fall within an exception to this general preclusion rule. *See id.*

¶6            We therefore grant review and deny relief.



Ruth A. Willingham · Clerk of the Court
FILED: ama