NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

GEARY WAYNE WALTON, *Petitioner*.

No. 1 CA-CR 14-0354 PRPC
FILED 6-30-2016

Petition for Review from the Superior Court in Maricopa County
No.  CR 1987-009953
CR 1987-010264
CR-0096136
CR-0097176
The Honorable Warren J. Granville, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Diane Meloche
*Counsel for Respondent*

Geary Wayne Walton, Florence
*Petitioner*

## MEMORANDUM DECISION

Judge Donn Kessler delivered the decision of the Court, in which Presiding Judge Margaret H. Downie and Judge Kent E. Cattani joined.

**K E S S L E R**, Judge:

¶1 Petitioner Geary Wayne Walton seeks review from the dismissal of his petition for post-conviction relief. We have considered the petition for review and, for the reasons stated below, grant review, but deny relief.

## FACTUAL AND PROCEDURAL BACKGROUND

¶2 In Maricopa County case number CR 0000-096136, Walton pled guilty to two counts of sale of narcotic drugs (heroin), both felonies. He was placed on probation for five years on each count to run concurrently. In Maricopa County case number CR 0000-097176, Walton pled guilty to one count of lewd and lascivious acts, a felony. He was placed on probation for five years.

¶3 Walton violated probation in both cases several times. Ultimately, the trial court revoked probation and sentenced Walton to prison. We affirmed the probation revocations and sentences in *State v. Walton*, 1 CA-CR 4629 (Ariz. App. Aug. 28, 1980) (mem. decision).

¶4 In Maricopa County case numbers CR 1987-009953 and CR 1987-010264, consolidated for trial, a jury convicted Walton of attempted sexual abuse, public sexual indecency with a minor, sexual conduct with a minor with one prior predicate felony, and seven counts of sexual conduct with a minor with two prior predicate felonies. The superior court sentenced Walton to consecutive sentences of fifteen years of imprisonment for attempted sexual abuse, six years of imprisonment for public sexual indecency with a minor, thirty-five years of imprisonment for one count of sexual conduct with a minor, and seven consecutive life sentences with a possibility of parole after thirty-five years served in each sentence for the remaining seven counts of sexual conduct with a minor.

¶5 Walton appealed. Pending the appeal, Walton filed a petition for post-conviction relief at the superior court. The petition was summarily dismissed. Walton filed a petition for review, which was consolidated with

the direct appeal. We affirmed Walton's convictions and sentences on direct appeal, and granted review of his petition for review, but denied relief. *State v. Walton*, 1 CA-CR 90-1304 (Ariz. App. Sept. 10, 1991) (mem. decision). Since that time, Walton has filed fifteen post-conviction relief proceedings in the superior court, five special action proceedings in this Court, and fifteen petitions for review in this Court.[1]

**¶6** The latest petition, filed in the superior court as a petition for writ of habeas corpus, was properly treated as a petition for post-conviction relief. *See* Rule 32.3, Ariz. R. Crim. P. In this petition, Walton claims: (1) He was framed by his mother and ex-wife, who he alleged had "coached and coerced and tampered with the alleged victims and witnesses" to present false testimony and that his trial counsel, the prosecutor, and the trial judge, were all aware of this and willingly participated; (2) An attorney who was hired to handle his medical malpractice case, the existence of which was not supported by the record on appeal, was ineffective; (3) Testimony, which had been presented at a pretrial hearing and which concerned the admission of other act evidence (prior sexual conduct with minors) at trial, was unfair because a sexual assault exam of the victim had been unlawfully suppressed by the prosecutor. Walton did not explain how this report would have impacted the witness's testimony; (4) His confrontation rights at trial had been violated; and (5) There was vindictive prosecution, ineffective assistance of trial and appellate counsel, and illegal and excessive sentences.

**¶7** The trial court found that the actual innocence claim was not colorable and that the remaining claims were precluded as untimely and

---

[1] The special action proceedings listed by number are, in chronological order, 1 CA-SA 03-0026, 1 CA-SA 04-0126, 1 CA-SA 08-0027, 1 CA-SA 15-0021, and 1 CA-SA 16-0061. Walton has been unsuccessful in each action. The petition for review proceedings listed by number are, in chronological order, 1 CA-CR 00-0946, 1 CA-CR 01-0540, 1 CA-CR 02-0696, 1 CA-CR 04-0858, 1 CA-CR 06-0438, 1 CA-CR 08-0685, 1 CA-CR 09-0160, 1 CA-CR 10-0291, 1 CA-CR 11-0106, 1 CA-CR 13-0236, 1 CA-CR 14-0076, 1 CA-CR 14-0354 (the present case), 1 CA-CR 15-0479, 1 CA-CR 15-0733, and 1 CA-CR 16-0139 (the last three cases are pending in this Court). In these cases, Walton has raised claims of insufficient evidence, newly discovered evidence, admissibility of evidence, actual innocence, ineffective assistance of counsel, sentencing errors of various types, and many, many other issues, sometimes repeatedly. Walton has not obtained relief in any of the cases decided by this Court.

successive. As a result, the court dismissed the post-conviction relief proceeding.

¶8        Walton now seeks review of the dismissal of his latest successive petition for post-conviction relief. We have jurisdiction pursuant to Arizona Rule of Criminal Procedure 32.9(c).

## DISCUSSION

¶9        On review, Walton argues that the trial court erroneously treated his "newly discovered evidence" claim as a claim of actual innocence, and consequently applied an unfairly high standard, clear and convincing evidence, rather than the lesser newly discovered evidence standard, which requires facts that probably would have changed the verdict. He also argues that his claims of (1) prosecutorial misconduct (unlawful suppression of evidence and vindictive prosecution), (2) improperly admitted other act evidence (prior sexual conduct), and (3) illegal sentences, entitled him to relief.

¶10        Absent an abuse of discretion or error of law, this court will not disturb a superior court's ruling on a petition for post-conviction relief. *State v. Gutierrez*, 229 Ariz. 573, 577, ¶ 19 (2012). Walton has failed to carry his burden to show an abuse of discretion. First, the ineffective assistance of counsel, prosecutorial misconduct (unlawful suppression of evidence and vindictive prosecution), improperly admitted other act evidence (prior sexual conduct), and illegal sentences claims, could have been, or were, presented in previous post-conviction relief proceedings. Any claim that could have been, or was, raised in an earlier post-conviction relief proceeding is precluded. Ariz. R. Crim. P. 32.2(a); *State v. Shrum*, 220 Ariz. 115, 118, ¶ 13 (2009) (holding that claims not excepted by Rule 32.1(d), (e), (f), (g), or (h) were waived if not timely raised). Preclusion is designed to "require a defendant to raise all known claims for relief in a single petition," *State v. Petty*, 225 Ariz. 369, 373, ¶ 11 (App. 2010) (citation and internal quotation omitted), and thereby "prevent endless or nearly endless reviews of the same case in the same trial court." *Stewart v. Smith*, 202 Ariz. 446, 450, ¶ 11 (2002).

¶11        Second, as to Walton's "newly discovered evidence" claim, the trial court did not improperly treat it as an actual innocence claim. Walton clearly presented this claim as an actual innocence claim. In any event, whether analyzed as a newly discovered evidence claim, or an actual innocence claim, it is clear Walton is not entitled to relief. The claim could have been raised in any one of the earlier post-conviction relief proceedings.

Walton offered no explanation why the claim had not been presented earlier. Thus, the claim is precluded, Ariz. R. Crim. P. 32.2(a) and (b), and the trial court did not abuse its discretion when it denied relief.

¶12        We grant review, but deny relief.



Ruth A. Willingham · Clerk of the Court
FILED: AA