NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

LAWRENCE EUGENE GOMES, *Appellant.*

Nos. 1 CA-HC 18-0006
1 CA-HC 18-0007
(consolidated)
FILED 6-20-2019

Appeal from the Superior Court in Maricopa County
Nos.  CR 2015-001107-001
CR 2003-024331-001
The Honorable Warren J. Granville, Judge

**REVIEW GRANTED; RELIEF DENIED**

APPEARANCES

Lawrence Eugene Gomes, San Luis
*Appellant*

Maricopa County Attorney's Office, Phoenix
By Amanda M. Parker
*Counsel for Appellee*

## MEMORANDUM DECISION

Presiding Judge Michael J. Brown delivered the decision of the Court, in which Judge Jon W. Thompson and Judge Kenton D. Jones joined.

**B R O W N**, Judge:

¶1          Lawrence Gomes appeals from the superior court's denial of his "Notice of Request for Post-Conviction Memorandum and Motion to Dismiss for Lack of Subject Matter Jurisdiction," which the court construed as a petition for post-conviction relief.[1]  For the reasons stated, we grant review but deny relief.

## BACKGROUND

¶2          In 2004, while serving a federal prison sentence for bank robbery, Gomes entered a plea of no contest in the superior court for two state counts of armed robbery.  The court imposed concurrent 10-year prison sentences to run consecutive to his federal sentence.  Gomes filed an untimely petition for post-conviction relief under Arizona Rule of Criminal Procedure ("Rule") 32, alleging (1) the State introduced a coerced confession at trial; (2) he was denied the right to a competent lawyer at every critical stage of the proceeding; (3) his plea was unlawfully induced; (4) newly discovered evidence required the court to vacate the conviction or sentence; (5) the court imposed a sentence in violation of established procedures; (6) the court violated Rule 11.1 because he had allegedly been diagnosed with paranoid schizophrenia prior to sentencing; and (7) "[t]he abridgement of any other right guaranteed by the constitution or the laws of this state, or the constitution of the United States."  The court summarily dismissed his petition as untimely.

¶3          Gomes's federal sentence ended on September 19, 2011, and his state sentences for armed robbery began on that same date.  Gomes later pleaded guilty to promoting prison contraband in 2015, and the superior court imposed a three-year sentence to begin after his armed robbery

---

[1]     It is apparent from the record—and the State does not contend otherwise—that the superior court treated this filing as a petition for post-conviction relief although not explicitly referring to it as such.

sentences. Gomes has since made several post-conviction filings attacking his 2015 conviction, including a 2017 petition for a writ of habeas corpus that challenged the 2004 and 2015 convictions, claiming that, because his armed robbery sentences had expired, the State no longer had any authority to hold him in custody.[2]

**¶4** Gomes's latest effort to obtain post-conviction relief is the motion to dismiss for lack of subject matter jurisdiction at bar, challenging the sentences for his 2004 and 2015 convictions. The superior court implicitly construed the motion as a Rule 32 petition and, noting that he had raised similar claims at least 10 times before, summarily dismissed. Gomes now seeks our review.

## DISCUSSION

**¶5** We will not disturb the superior court's dismissal of a petition for post-conviction relief unless the defendant demonstrates its ruling represents a clear abuse of discretion. *State v. Poblete*, 227 Ariz. 537, 538, ¶ 1 (App. 2011).

### A. Expired Sentences

**¶6** Gomes first argues his sentences for his armed robbery and promoting prison contraband convictions have expired. *See* Ariz. R. Crim. P. 32.2(b) (excepting Rule 32.1(d) claims from preclusion). Specifically, he contends that his sentences began when the Arizona Department of Corrections assigned him an inmate number in 2004 and thus should have expired no later than 2014. The State argues that his claims are precluded and, in any event, do not have merit.

**¶7** Gomes did not raise this ground in his motion to dismiss so we need not address it. *See State v. Reffitt*, 145 Ariz. 452, 466 (1985) ("Because appellant has not previously raised this contention below, we shall not address it on appeal."). Nonetheless, he fails to show his sentences have expired.

**¶8** Arizona law does not support Gomes's novel theory that his sentence began when the Arizona Department of Corrections assigned him an inmate number before he completed his federal sentence. *See State v.*

---

[2] Gomes did not timely challenge the superior court's ruling denying his 2017 petition for a writ of habeas corpus; thus, we lack jurisdiction to consider the court's decision to construe it as a petition for post-conviction relief.

*Gandara*, 174 Ariz. 105, 107 (App. 1992) ("A consecutive sentence does not begin until the prior sentence is satisfied."). Gomes's argument fails to recognize that because his federal sentence was not completed until September 19, 2011, his 10-year armed robbery sentence could not have started until that date, and his sentence for promoting prison contraband has not yet begun. As such, we reject Gomes's contention that both his sentences are expired.

### B.      Subject Matter Jurisdiction

**¶9**            Gomes also broadly argues the superior court lacked subject matter jurisdiction over the cases against him, alleging the indictments failed to place "all facts of jurisdiction upon the record." He clarifies in his reply brief that his jurisdictional argument is premised on his contention that the statutes he was convicted under in 2004 violate the Arizona Constitution because they (1) are not published at full length; (2) do not contain an enacting clause; and (3) violate the single-subject rule. The State again argues that Rule 32.2 precludes relief on these grounds.

**¶10**          Rule 32 allows pleading defendants to challenge their convictions or sentences as of right. *State v. Shrum*, 220 Ariz. 115, 118, ¶ 10 (2009). Subject to limited exceptions, and in furtherance of important finality principles, Rule 32 precludes defendants from obtaining relief on any ground raised in a successive or untimely petition. *Id.* at ¶ 12; *see also* Ariz. R. Crim. P. 32.2(b) (stating preclusion "does not apply to claims for relief based on Rule 32.1(d) through (h)"). *See generally Stewart v. Smith*, 202 Ariz. 446, 449, ¶ 9 (2002) (holding that unless the right involved requires a defendant's personal knowledge to waive, "the State 'may simply show that the defendant did not raise the error at trial, on appeal, or in a previous collateral proceeding.'" (citation omitted)). Because Gomes did not raise his jurisdictional argument, falling under Rule 32.1(b), in his first petition, *supra* ¶ 2, Rule 32.2(a)(3) precludes him from doing so now.

**¶11**          Although we typically do not consider arguments raised for the first time in a reply brief, *see State v. Shipman*, 208 Ariz. 474, 475, ¶ 4, n.2 (App. 2004), we also reject Gomes's assertion that Rule 32.1(f)'s exception to preclusion applies because he is self-represented, did not know about subject matter jurisdiction, and was diligent in learning about this issue. Rule 32.1(f) applies when a court has not informed a defendant of the right to seek post-conviction relief or when someone else has interfered with a defendant's attempt to timely file a petition. Ariz. R. Crim. P. 32.1(f) cmt. Because neither of those circumstances are present here, the exception to preclusion does not apply. *See Poblete*, 227 Ariz. at 539, ¶ 7. Indeed, failure

to apply preclusion here would vitiate the very purpose of Rule 32's preclusive provisions—to prevent unlimited review of the same case by the same court. *See Stewart*, 202 Ariz. at 450, ¶ 11.

**CONCLUSION**

**¶12** For these reasons, we grant review but deny relief.



AMY M. WOOD • Clerk of the Court
FILED: AA