**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

THOMAS O. BASTIAN,

               Petitioner-Appellant,

v.

CHARLES L. RYAN; ATTORNEY
GENERAL FOR THE STATE OF
ARIZONA,

               Respondents-Appellees.

No.   19-15385

D.C. No. 2:16-cv-02530-GMS

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
G. Murray Snow, Chief District Judge, Presiding

Argued and Submitted June 15, 2021
San Francisco, California

Before: THOMAS, Chief Judge, and BRESS and BUMATAY, Circuit Judges.

Thomas Bastian appeals the district court's denial of his 28 U.S.C. § 2254

petition for a writ of habeas corpus. We have jurisdiction under 28 U.S.C. § 1291

---

     [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

and § 2253, and we affirm the judgment of the district court. Because the parties are familiar with the facts of this case, we need not recount them here.

We review a district court's decision to deny a petition for a writ of habeas corpus and a district court's application of the Antiterrorism and Effective Death Penalty Act, 28 U.S.C. § 2254, de novo, *Lambert v. Blodgett*, 393 F.3d 943, 964–65 (9th Cir. 2004). For claims that the state court adjudicated on the merits, federal courts may not grant a petition "unless the adjudication of the claim . . . resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). In addition, federal courts will not hear a habeas claim if the state court denied the claim on an "independent and adequate" state law procedural ground, unless the petitioner can show cause for the default and prejudice from it. *See Cooper v. Neven*, 641 F.3d 322, 327 (9th Cir. 2011).

I

The district court properly held that the state court reasonably applied clearly established federal law and did not make an unreasonable determination of fact in concluding that Bastian reinitiated contact with police, such that his statements to

them could be introduced under *Edwards v. Arizona*, 451 U.S. 477, 483 (1981) and related cases. An accused, "having expressed his desire to deal with the police only though counsel, is not subject to further interrogation by the authorities until counsel has been made available to him, unless the accused himself initiates further communication, exchanges, or conversations with the police." *Id.* at 484–85. Although Bastian invoked his right to counsel in his first interview, the state appellate court reasonably concluded that he reinitiated contact before his subsequent interviews.[1] The appellate court determined that the trial court had made an appropriate credibility determination in crediting the officer's testimony as to the second interview. In addition, the appellate court noted that Bastian confirmed in a subsequent interview that he had reinitiated contact before that second interview, and that Bastian had received additional *Miranda* warnings in subsequent interviews, but did not request an attorney. Because all these findings were based on the record and, taken together, could lead a reasonable jurist to conclude that Bastian had reinitiated contact under *Edwards*, we affirm the judgment of the district court dismissing this claim.

---

[1] We review the last reasoned state court decision addressing the federal constitutional claims, *Crittenden v. Ayers*, 624 F.3d 943, 950 (9th Cir. 2010), which on this issue is the Arizona Court of Appeals decision on direct appeal.

II

The district court properly concluded that Bastian procedurally defaulted his claim that his trial counsel was ineffective in failing to challenge the use of a stun belt and leg shackles during the trial. Bastian failed to raise this claim until his second post-conviction relief ("PCR") petition, and the state court denied it as successive and untimely and, therefore, precluded under Arizona Rule of Criminal Procedure 32. Bastian argues on appeal that the state court improperly applied Rule 32, because his claim falls into an exception to Rule 32 preclusion. When raising an adequacy challenge after the state invokes procedural default, petitioner has the burden to show inadequacy, and he may do so by "asserting specific factual allegations that demonstrate the inadequacy of the state procedure, including citation to authority demonstrating inconsistent application of the rule." *Bennett v. Mueller*, 322 F.3d 573, 586 (9th Cir. 2003). Bastian cites no case where the state courts permitted a shackling claim, or something substantially similar to a shackling claim, to be raised in a successive PCR petition.

Moreover, a review of Arizona state law does not suggest that the rule was applied inconsistently to Bastian. State law at the time provided an exception to Rule 32 preclusion for certain issues of "sufficient constitutional magnitude;" issues were of sufficient magnitude if they required a defendant to "knowingly,

4

voluntarily and intelligently" waive the right. *Stewart v. Smith*, 46 P.3d 1067, 1071 (Ariz. 2002) (en banc) (citation omitted). These included, for example, the right to counsel, right to a jury, and right to a twelve-person jury. *State v. Espinosa*, 29 P.3d 278, 280 (Ariz. Ct. App. 2001). And where the claim is for ineffective assistance, the question for preclusion is "determined by the nature of the right allegedly affected by counsel's ineffective performance." *Stewart*, 46 P.3d at 1071.

But the right to be free from restraints at trial is not one that must be knowingly and voluntarily waived. Rather, restraints may be imposed on the defendant after a judge has made specific findings. *See Deck v. Missouri*, 544 U.S. 622, 624 (2005). And so there is no basis to conclude that it would qualify under the "sufficient constitutional magnitude" exception to Rule 32 preclusion. The district court correctly denied the claim as procedurally defaulted in the state courts.[2]

---

[2] Bastian waived any shackling claim that is independent of his ineffective assistance claim, as he did not raise such a claim in his habeas petition before the district court. Further, Bastian expressly renounced a theory of cause and prejudice to excuse procedural default due to ineffective assistance of PCR counsel under *Martinez v. Ryan*, 566 U.S. 1 (2012).

## III

For these reasons, we affirm the judgment of the district court.[3]


**AFFIRMED.**

---

[3] We decline to expand the Certificate of Appealability for Bastian's uncertified claim that the state court decisions are not entitled to AEDPA deference. Bastian fails to show that the Arizona rules were inadequate or applied inconsistently to his case, such that the decisions would not be entitled to deference. Similarly, he does not appear to argue that he has cause to excuse his procedural defaults, nor explain how any potential cause prejudiced him. We conclude that he has failed to make a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(b)(2).