NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

STEVEN MORA, *Petitioner*.

No. 1 CA-CR 24-0026 PRPC

FILED 12-17-2024

Petition for Review from the Superior Court in Maricopa County
No. CR2018-000891-001
The Honorable Ronee Korbin Steiner, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Philip D. Garrow
*Counsel for Respondent*

Steven Mora, Florence
*Petitioner*

---

**MEMORANDUM DECISION**

Judge Kent E. Cattani delivered the decision of the Court, in which Presiding Judge Jennifer B. Campbell and Judge Paul J. McMurdie joined.

---

**C A T T A N I**, Judge:

¶1          Steven Mora petitions this court for review of the superior court's dismissal of his first petition for post-conviction relief under Arizona Rule of Criminal Procedure 32.  For reasons that follow, we grant review but deny relief.

¶2          A jury convicted Mora of two counts of child molestation and two counts of public sexual indecency to a minor.  The convictions were based on evidence that Mora committed sex acts in front of the victim and that he had the victim touch his genitals.  Before trial, the State moved to admit evidence that Mora had engaged in similar acts with two other minors several years earlier.  *See* Ariz. R. Evid. 404(b), (c).  After an evidentiary hearing, the superior court found by clear and convincing evidence that Mora had committed the other acts and determined that the other-act evidence was admissible under both 404(b) (for motive, intent, and lack of mistake or accident) and 404(c) (as evidence of an aberrant sexual propensity to commit the charged offenses).  The victims of Mora's other acts testified at trial, as did the victim of the charged offenses.

¶3          Mora appealed from the convictions and sentences, but substantively challenged only the molestation sentences and not his convictions.  This court affirmed Mora's convictions but held that the superior court had erred by imposing enhanced sentences for the molestation convictions, vacated those sentences, and remanded for resentencing.  *State v. Mora*, 252 Ariz. 122, 124–25, 129, ¶¶ 1–2, 23 (2021).  The superior court resentenced Mora, and he appealed from the new sentences.  His attorney in the second appeal filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), avowing that she found no meritorious issue to raise, and Mora did not file a supplemental brief despite being given leave to do so.  We affirmed.  *State v. Mora*, 1 CA-CR 22-0192, 2023 WL 406308 (Ariz. App. Jan. 26, 2023) (mem. decision).

¶4        Mora timely requested post-conviction relief. After his attorney found no colorable claim, Mora filed a petition *in propria persona* alleging that the superior court deprived him of his constitutional due process and confrontation rights by (1) allowing the State to offer the victim's allegedly unreliable statements, (2) not allowing him to cross-examine the victim about those statements at a pretrial hearing, and (3) admitting the other-act evidence. *See* Ariz. R. Crim. P. 32.1(a); U.S. Const. amends. V, VI, XIV. The superior court dismissed Mora's petition, concluding his claims were precluded under Arizona Rule of Criminal Procedure 32.2(a)(3) and were not colorable in any event. Mora timely filed a delayed petition for review. We review the superior court's ruling for an abuse of discretion. *State v. Bigger*, 251 Ariz. 402, 407, ¶ 6 (2021).

¶5        Mora's petition for review presses the same claims presented to the superior court, which asserted constitutional violations that Mora could have challenged—but did not—on direct appeal. Because the rights implicated are not ones that require personal waiver, *cf. Stewart v. Smith*, 202 Ariz. 446, 449–50, ¶¶ 9–10 (2002), these claims are now precluded. *See* Ariz. R. Crim. P. 32.2(a)(3) (preclusion for grounds waived on appeal); A.R.S. § 13-4232(A)(3); *State v. Herrera*, 183 Ariz. 642, 647 (App. 1995) ("[A]ppellate counsel's waiver of other possible issues binds the defendant, and those waived issues cannot be resurrected in post-conviction proceedings.").

¶6        Accordingly, we grant review but deny relief.

