FLÓREZ, Judge.
 

 ¶ 1 After a jury trial, petitioner Barry Ellsworth French was convicted of kidnapping, sexual abuse, sexual assault, and attempted sexual assault, with a prior felony conviction. He was sentenced to prison terms of twenty-one years, fifteen years, and four years, all terms to be served consecutively. On appeal, we affirmed the convictions but modified the sentence on the kidnapping conviction, ordering that it be served concurrently; we also denied relief on a petition for review of the denial of post-conviction relief, Rule 32, Ariz. R.Crim. P., 17 A.R.S., which was consolidated with the appeal. St
 
 ate v. French,
 
 Nos. 2 CA-CR 90-0925, 2 CA-CR 92-0361-PR (consolidated) (memorandum decision filed January 29, 1993). French had claimed in the post-conviction proceeding that, because he was acquitted of sexual assault and other charges relating to another victim, evidence of the other incident should not have been admitted at trial on these offenses, entitling him to a new trial. French filed a second petition for post-conviction relief in March 1998, raising numerous claims related, inter alia, to the sentence and alleging ineffective assistance of trial counsel and appellate counsel.
 
 [1]
 
 In this petition for review, French challenges the trial court’s denial of relief on that petition.
 

 ¶ 2 In the second petition for post-conviction relief, French raised the following claims: (1)
 
 State v. Terrazas,
 
 189 Ariz. 580, 944 P.2d 1194 (1997), was a significant change in law, requiring the state to show that an accused committed other acts by clear and convincing evidence; (2) the court’s instruction characterizing prior acts as “bad acts” warranted relief under
 
 State v. Corona,
 
 188 Ariz. 85, 932 P.2d 1356 (1997); (3) the sentence had to be amended in accordance with our memorandum decision; (4) pursuant to
 
 State v. Tarango,
 
 185 Ariz. 208, 914 P.2d 1300 (1996), and
 
 State v. Arizona Dep’t of Corrections,
 
 187 Ariz. 211, 928 P.2d 635 (1996), some of his flat-time terms must be modified to make him eligible for release after serving two-thirds of each sentence, and any release credits to which he may be entitled must be calculated based on the modified term; (5) the prior conviction was invalid under A.R.S. § 13-604(A) and (J), and his sentence must be modified accordingly; (6) the terms on counts two and four should be concurrent, and appellate counsel was ineffective for failing to raise the issue on
 
 *121
 
 appeal; (7) the “form of the court’s [sentencing] order is improper”; and (8) trial counsel was ineffective. In response to the state’s assertion that all issues were precluded, petitioner contended that the attorney who represented him on appeal and in the post-conviction proceeding was ineffective for failing to raise them on appeal or in the first Rule 32 petition. The trial court granted French an evidentiary hearing, at which trial counsel, an alibi witness, a witness from the Department of Corrections, and French testified. The court then ordered the state to file a supplemental memorandum on the issue of preclusion.
 
 See
 
 Ariz. R.Crim. P. 32.2.
 

 ¶ 3 After oral argument on the issue of preclusion, despite having already conducted an evidentiary hearing on some of the claims, the court found that the claims of ineffective assistance of counsel were precluded, although the court added that, in any event, French had failed to establish he was prejudiced by counsel’s failure to object to the instruction on prior acts. The court did, however, grant relief on the sentencing issue and modified the sentence.
 

 ¶ 4 On review, French contends he did not knowingly, intelligently, and voluntarily waive his claims of ineffective assistance of trial counsel because appellate/Rule 32 counsel did not explain the consequences of failing to raise a claim on appeal or in the first post-conviction proceeding. Therefore, he contends, the trial court should not have found the claims of ineffective assistance precluded. He adds that Rule 32 “expressly contemplates the filing of successive Rule 32 petitions, and permits the raising of ineffective assistance of counsel in a successive petition,” and contends he should not be precluded from raising these claims because of the “constitutional magnitude” of ineffective assistance claims generally and based on principles of “due process and fundamental fairness.” And, in a further effort to avoid preclusion, petitioner suggests that appellate/Rule 32 counsel was ineffective for failing to raise the claims of ineffective assistance of trial counsel, relying on part of the Comment to Rule 32.2(a)(3), which provides: “If defense counsel’s failure to raise an issue at trial, on appeal or in a previous collateral proceedings [sic] is so egregious as to result in prejudice as that term has been constitutionally defined, such failure may be raised by means of a claim of ineffective assistance of counsel.” Because the trial court did not abuse its discretion in denying post-conviction relief, we will not disturb that order.
 
 See State v. Amaya-Ruiz,
 
 166 Ariz. 152, 800 P.2d 1260 (1990).
 

 ¶ 5 Assuming arguendo that French is correct that certain otherwise-precluded issues may be raised in the context of a claim of ineffective assistance of appellate and Rule 32 counsel, the underlying claims here are not those kinds of issues. They are not “so egregious” that they amount to constitutional error. Rather, the deficiencies French claims with respect to counsel’s performance are more in the nature of trial error.
 
 See, e.g., State v. Curtis,
 
 185 Ariz. 112, 912 P.2d 1341 (1995). The Comment to Rule 32.2(a)(3) provides that, with respect to trial error, “the state may simply show that the defendant did not raise the error at trial, on appeal, or in a previous collateral proceeding, and that would be sufficient to show that the defendant has waived the claim.”
 
 See also State v. Herrera,
 
 183 Ariz. 642, 905 P.2d 1377 (1995) (defendant must show that failure to raise issue on appeal fell below prevailing professional norms and but for the deficiency, outcome on appeal would have been different).
 

 ¶ 6 French claims, for example, that trial counsel was ineffective for failing to request an alibi jury instruction. French relies on
 
 State v. Rodriguez,
 
 192 Ariz. 58, 961 P.2d 1006 (1998), for the proposition that counsel’s failure to ask for the instruction was prejudicial and rises to a constitutional level such that the claim may not be precluded.
 
 Rodriguez
 
 does not require that conclusion. Although the supreme court held in
 
 Rodriguez
 
 that the trial court had erred by refusing to give a requested alibi instruction that was reasonably supported by the evidence, the court did not hold that the error was constitutional. Indeed, the court suggested otherwise by applying a harmless error analysis and finding reversal required in that case only because there was “one piece of evidence [that] linked defendant to the crime: a palm print on the murder weapon. In addi
 
 *122
 
 tion, the defense relied exclusively on the alibi theory.”
 
 Id.
 
 at ¶27, 961 P.2d at ¶27. Under these circumstances, the court concluded, “[g]iven the lack of overwhelming proof of guilt and the importance of the alibi defense, we cannot say, beyond a reasonable doubt, that the error did not affect this verdict.”
 

 ¶ 7 Here, not only had the victim identified French, but another individual who saw part of the attack had reported it to police and had provided a description of the car the perpetrator drove and the number of its license plate. The car belonged to French. There was ample evidence supporting the conviction. Moreover, in
 
 Curtis,
 
 Division One of this court found that a claim that an alibi instruction was infirm “lack[ed] sufficient constitutional magnitude” to avoid the preclusive effect of Rule 32.2. 185 Ariz. at 115, 912 P.2d at 1344. Consequently, we cannot say Rule 32 counsel’s failure to raise this claim of ineffective assistance of trial counsel was. so egregious that the trial court erred in finding the claim precluded.
 

 ¶ 8 In his petition for review, French focuses primarily on trial counsel’s failure to request an alibi instruction. He only summarily mentions the other failures encompassed in his claim of ineffective assistance of trial counsel: failure to cease direct examination of an elderly witness, to rehabilitate an alibi witness, to tell French he could submit letters of support at sentencing, to object to the “other bad act” instruction, and to timely request a
 
 Romero
 
 list.
 
 See State v. Romero,
 
 130 Ariz. 142, 634 P.2d 954 (1981). None of these omissions constitutes ineffectiveness so egregious and of such constitutional dimensions that it may not be precluded. Consequently, although the trial court did grant petitioner a partial evidentiary hearing and did conclude that counsel’s performance, at least with respect to the prior act instruction, had not been prejudicial, the court was correct that the claims of ineffective assistance of trial counsel as to these issues could have been raised in the first post-conviction proceeding and are therefore precluded.
 

 ¶ 9 French also raises an equal protection claim with respect to A.R.S. § 41-1604.10 and contends the trial court abused its discretion “in finding that the petitioner’s sentences should not have been ordered consecutive under
 
 State v. Gordon[,
 
 161 Ariz. 308, 778 P.2d 1204 (1989)].” As to both claims, French simply refers to memoranda filed below, incorporating them by reference. The petition for review utterly fails to comply with Rule 32.9, Ariz. R.Crim. P., 17 A.R.S. Therefore, we summarily reject these claims.
 

 ¶ 10 The petition for review is granted, but we deny relief.
 

 CONCURRING: JOHN PELANDER, Presiding Judge, and J. WILLIAM BRAMMER, JR., Judge.
 

 [1]
 

 . Nothing in this opinion is intended to suggest that a nonpleading defendant has a right to assert a claim of ineffective assistance of Rule 32 counsel in a subsequent petition for post-conviction relief. Our supreme court has held otherwise.
 
 State v. Mata,
 
 185 Ariz. 319, 916 P.2d 1035 (1996);
 
 see also State v. Armstrong,
 
 176 Ariz. 470, 862 P.2d 230 (1993).