NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

RAYMOND CARRION SANCHEZ, *Petitioner.*

No. 1 CA-CR 14-0338 PRPC
FILED 9-6-16

Petition for Review from the Superior Court in Mohave County
No. CR-2007-1688
The Honorable Steven F. Conn, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Mohave County Attorney's Office, Kingman
By Matthew J. Smith
*Counsel for Respondent*

Raymond Carrion Sanchez, Florence
*Petitioner Pro Se*

**MEMORANDUM DECISION**

Judge Margaret H. Downie delivered the decision of the Court, in which
Presiding Judge Patricia K. Norris and Judge Samuel A. Thumma joined.

**D O W N I E,** Judge:

¶1          Raymond Carrion Sanchez petitions for review from the superior court's summary dismissal of his notice of post-conviction relief. For the following reasons, we grant review but deny relief.

## FACTS AND PROCEDURAL HISTORY

¶2          Sanchez pleaded guilty to child molestation, a class 2 felony and dangerous crime against children.  In December 2008, the superior court sentenced him in accordance with the terms of the plea agreement to a mitigated twelve-year term of imprisonment.  Sanchez filed a timely notice of post-conviction relief, and the superior court appointed counsel to represent him in the Rule 32 proceeding.  Counsel thereafter filed a notice of post-conviction review, stating that after reviewing the record, she could find no claims for relief to raise. Sanchez thereafter filed a *pro se* petition for post-conviction relief, asserting claims of ineffective assistance of counsel, constitutional violations, breach of the plea agreement, and sentencing violations.  In April 2010, the superior court summarily dismissed the petition, ruling Sanchez had failed to state a colorable claim for relief.  This Court denied review of the dismissal order.

¶3          Between May 2010 and November 2012, Sanchez commenced three additional Rule 32 proceedings and filed multiple motions seeking relief from his sentence — all of which were unsuccessful.  In April 2014, he commenced a fifth proceeding for post-conviction relief by filing a notice indicating an intent to raise claims of newly discovered evidence, ineffective assistance of counsel, prosecutorial misconduct, significant change in the law, and actual innocence.   Observing that the notice was both untimely and successive, the superior court summarily dismissed the proceeding because Sanchez had failed to make a significant showing of a colorable claim cognizable in an untimely or successive Rule 32 proceeding. Following the denial of his motion for rehearing, Sanchez sought this Court's review.

## DISCUSSION

¶4          We review the summary dismissal of a post-conviction relief proceeding for an abuse of discretion.  *State v. Bennett*, 213 Ariz. 562, 566, ¶ 17 (2006).  We may affirm the superior court's ruling "on any basis supported by the record."  *State v. Robinson*, 153 Ariz. 191, 199 (1987).

¶5          Sanchez seeks review of his guilty plea and sentence entered in December 2008.  But he does not address the superior court's finding that

he failed to state a claim that can be raised in an untimely and successive Rule 32 proceeding or explain how the court erred by summarily dismissing the proceeding. *See* Ariz. R. Crim. P. 32.9(c)(1) (petition "shall" set forth "reasons why the petition [for review] should be granted"). His failure to comply with the requirements of Rule 32.9 is sufficient, in itself, to deny review and relief. *See* Ariz. R. Crim. P. 32.9(f) (review discretionary); *State v. French*, 198 Ariz. 119, 122, ¶ 9 (App. 2000) (summarily rejecting claims for failure to comply with Rule 32 .9), *disapproved on other grounds by Stewart v. Smith*, 202 Ariz. 446, 450, ¶ 10 (2002).

¶6            Waiver aside, though, we find no abuse of discretion. In an untimely post-conviction proceeding like this one, a claim that does not fall within Rule 32.1(d) through (h) is barred, regardless of whether the defendant has knowingly, voluntarily, and intelligently waived it. Ariz. R. Crim. P. 32.4(a); *State v. Lopez*, 234 Ariz. 513, 515, ¶¶ 6–8 (App. 2014); *see also State v. Shrum*, 220 Ariz. 115, 118, ¶ 13 (2009) (noting "few exceptions" to "general rule of preclusion" for claims in untimely or successive petitions). Thus, Sanchez's claims — with the exception of newly discovered evidence, significant change in the law, and actual innocence — are precluded in this untimely fifth post-conviction relief proceeding. *See* Ariz. R. Crim. P. 32.1(e), (g), (h).

¶7            Although the claims of newly discovered evidence, significant change in the law, and actual innocence are not necessarily barred, when a non-precluded claim is raised in a successive or untimely proceeding, "the notice of post-conviction relief must set forth the substance of the specific exception [to preclusion] and the reasons for not raising the claim in the previous petition or in a timely manner." Ariz. R. Crim. P. 32.2(b). "If . . . meritorious reasons do not appear substantiating the claim and indicating why the claim was not stated in the previous petition or in a timely manner, the notice *shall* be summarily dismissed." *Id.* (Emphasis added.)

¶8            Sanchez's notice of post-conviction relief, while indicating an intent to raise an actual innocence claim, offers no substantiating facts and does not explain why the claim could not have been raised in any of the previous Rule 32 proceedings. Under these circumstances, the superior court did not err by concluding Sanchez failed to state a colorable claim of actual innocence.

¶9            The claim of significant change in the law is based on an amendment to the Arizona Rules of Professional Conduct that became effective January 1, 2014. This amendment states that a prosecutor is

obligated to disclose facts of which he or she becomes aware indicating that an innocent defendant has been wrongly convicted. *See* Ariz. R. Sup. Ct. 42, Ariz. R. Prof'l Conduct, ER 3.8(g). As discussed *supra*, however, Sanchez presented no facts supporting an actual innocence claim, and there is no showing the amended rule applies to his case.

¶10 Finally, the alleged newly discovered evidence consists of three pretrial witness interviews of two police detectives and a nurse that trial counsel conducted prior to the plea agreement. The record reflects, though, that Sanchez was aware of these interviews before his guilty plea. Although he claims to have only come into possession of transcripts of the interviews in February 2013, it is clear he was aware of their substance when he filed his first petition for post-conviction relief, given his reference to the interviews in that filing. Indeed, Sanchez filed a copy of one of the "newly discovered" transcripts with the superior court on November 4, 2008 — a month before his sentencing — and he later submitted a copy to this Court on September 15, 2010, as part of a motion to expand the record regarding his petition for review from the dismissal of his first petition for post-conviction relief. *State v. Sanchez*, 1 CA-CR 10-0472 PRPC. Sanchez's claim that the interviews are "newly discovered evidence" is thus directly contradicted by the record. *See State v. Lemieux*, 137 Ariz. 143, 146 (App. 1983) (in determining whether defendant has stated a colorable claim for relief, allegations are viewed in light of entire record).

¶11 Even if the interviews were newly discovered, as the superior court noted, their substance would not provide a basis for relief because the interview evidence was merely impeaching in nature. *See* Ariz. R. Crim. P. 32.1(e) (defining claim of newly discovered evidence as not including cumulative or impeachment evidence); *State v. Mauro*, 159 Ariz. 186, 207 (1988) ("Evidence relied on must not be merely cumulative or impeaching."). On the record before it, the superior court did not err by concluding that Sanchez failed to state a colorable claim of newly discovered evidence.

## CONCLUSION

¶12       For the foregoing reasons, we grant the petition for review, but deny relief.

