NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

HOWARD COCHRAN, *Petitioner*.

No. 1 CA-CR 14-0513 PRPC
FILED 9-27-2016

Petition for Review from the Superior Court in Maricopa County
No.  CR2010-161733-001
CR2011-101847-001
The Honorable Susan M. Brnovich, Judge

**REVIEW DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Diane Meloche
*Counsel for Respondent*

Howard Cochran, Tucson
*Petitioner*

_____

**MEMORANDUM DECISION**

Presiding Judge Peter B. Swann delivered the decision of the court, in which Judge Jon W. Thompson and Judge Donn Kessler joined.

_____

**S W A N N**, Judge:

¶1        Howard Cochran petitions for review of the superior court's summary dismissal of his third request for post-conviction relief under Ariz. R. Crim. P. 32.  We deny review for the reasons stated below.

¶2        Cochran pled guilty to misconduct involving weapons, a class 4 felony, with one prior felony conviction in Maricopa County Superior Court cause number CR2010-161733-001, and burglary in the second degree, a class 3 felony, with one prior felony conviction in Maricopa County Superior Court cause number CR2011-101847-001.  On March 27, 2012, the superior court sentenced him to a presumptive 4.5-year prison term on the conviction for misconduct involving weapons to be served consecutive to an aggravated 7.5-year prison term imposed on the conviction for burglary in the second degree.

¶3        On May 9, 2012, Cochran filed a timely notice of post-conviction relief under both cause numbers, alleging claims of coerced guilty plea, ineffective assistance of counsel, suppression of evidence by the state, lack of subject matter jurisdiction, defective or insufficient indictment, and denial of speedy trial.  After appointed counsel filed a notice stating that she had found no claims to raise in a post-conviction relief proceeding, the court provided Cochran the opportunity to file his own petition.  In his pro per petition, Cochran sought relief based on claims of ineffective assistance of counsel, failure by the state to test certain evidence, denial of speedy trial, and defective or insufficient indictment.  The superior court summarily dismissed the pro per petition, finding that the claims of failure to test evidence, denial of speedy trial, and defective indictment were waived by the guilty pleas and therefore precluded, and that Cochran failed to state a colorable claim of ineffective assistance of counsel.  This court dismissed Cochran's petition for review from that ruling as untimely.

¶4        On September 16, 2013, Cochran filed a "Motion for Rule 32 Newly Discovered Evidence" under both cause numbers, raising  claims of  ineffective  assistance  of  counsel  and  of  suppression of evidence,

including evidence of receipt of a speedy trial motion, by the state. The superior court treated the motion as Cochran's second petition for post-conviction relief and summarily dismissed it, ruling that Cochran failed to establish a colorable claim of newly discovered evidence and that his claims were untimely and successive.

**¶5** On November 12, 2013, Cochran filed a "Motion for Rehea[r]ing (Review) Rule 32.9" under both cause numbers. And on December 18, 2013, he filed a "Motion to Submit Newel [sic] Discovered Documentation of State's Knowledge of Motion for Speedy Trial" under both cause numbers. The superior court treated the motions as a third request for post-conviction relief and summarily dismissed the request as untimely and successive. This petition for review followed.

**¶6** Rule 32.9(c)(1) limits this court's review to those "issues which were decided by the trial court" and are presented for review. It also provides that "[f]ailure to raise any issue that could be raised in the petition . . . for review shall constitute waiver of appellate review of that issue." *See also State v. Smith*, 184 Ariz. 456, 460 (1996) (no fundamental error review in a post-conviction relief proceeding). The petitioner "shall" set forth "[t]he reasons why the petition should be granted." Ariz. R. Crim. P. 32.9(c)(1)(iv).

**¶7** Cochran's petition for review argues the merits of his evidence-suppression claim. He makes no effort to address the superior court's determination that his arguments were untimely and successive. Because he has failed to comply in any meaningful way with the requirements of Rule 32.9, we deny review. *See* Ariz. R. Crim. P. 32.9(f) (review discretionary); *State v. French*, 198 Ariz. 119, 122, ¶ 9 (App. 2000) (summarily rejecting claims for failure to comply with Rule 32.9), *disapproved of on other grounds by Stewart v. Smith*, 202 Ariz. 446, 450, ¶ 10 (2002).

