NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

TYEREL DARNEL LUKE, *Petitioner*.

No. 1 CA-CR 15-0776 PRPC
FILED 6-6-2017

Petition for Review from the Superior Court in Maricopa County
No. CR 1995-008176
The Honorable Andrew G. Klein, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Diane M. Meloche
*Counsel for Respondent*

Tyerel Darnel Luke, Florence
*Petitioner*

**MEMORANDUM DECISION**

Judge Lawrence F. Winthrop delivered the decision of the Court, in which
Presiding Judge Samuel A. Thumma and Judge James P. Beene joined.

**W I N T H R O P**, Judge:

¶1　　　　Tyerel Darnel Luke petitions this court for review of the dismissal of his petition for post-conviction relief, filed pursuant to Arizona Rule of Criminal Procedure ("Rule") 32.  We have considered the petition and, for the reasons stated, grant review but deny relief.

¶2　　　　On direct appeal, this court vacated Luke's convictions and sentences and remanded to the superior court.  Luke was retried in 2000, and a jury found him guilty of sexual assault and kidnapping, both class two felonies and dangerous crimes against children in the first degree.  The court imposed consecutive sentences totaling thirty-seven years and ordered lifetime community supervision upon release.  This court affirmed Luke's convictions and sentences, and subsequently denied review of Rule 32 proceedings Luke initiated in 2006.

¶3　　　　Luke filed a notice of, and petition for, post-conviction relief on August 10, 2015.  He raised a claim of newly discovered evidence, *see* Ariz. R. Crim. P. 32.1(e), which consisted of mental health evaluation reports from 2011 and 2013.  Luke also argued his sentence was unlawful, and he stated his trial counsel was ineffective.  The superior court dismissed the notice and petition, finding Luke's Rule 32.1(e) claim failed because the reports attached to the petition did not exist before his 2000 retrial, and, considering the reports referred to mental health issues that *did* exist before 2000, those issues were discoverable before the second trial.[1]  The court found the remaining claims were untimely and precluded.  *See* Ariz. R. Crim. P. 32.1(a), (c), 32.2.  This timely petition for review followed.

¶4　　　　Without citing authority or the record as required, Luke claims he was entitled to a determination as to his mental health at the time of the offenses, and he contends his sentences should run concurrently.  Luke makes no argument explaining how the superior court abused its discretion in dismissing the untimely and successive Rule 32 proceedings. *See* Ariz. R. Crim. P. 32.9(c)(1)(iv) (requiring that the petition contain "[t]he reasons why the petition should be granted").  For these reasons alone, relief is inappropriate.  *See State v. Bolton*, 182 Ariz. 290, 298, 896 P.2d 830, 838 (1995) (recognizing that an insufficient argument waives a claim on review), *abrogation on other grounds recognized by McKinney v. Ryan*, 813 F.3d 798, 815-16 (9th Cir. 2015); *State v. Carriger*, 143 Ariz. 142, 146, 692 P.2d 991, 995 (1984) ("Petitioners must strictly comply with Rule 32 or be denied

---

[1]　　　　Before he was retried, Luke underwent competency evaluations pursuant to Rule 11 and was deemed competent.

relief." (citation omitted)); *State v. French*, 198 Ariz. 119, 122, ¶ 9, 7 P.3d 128, 131 (App. 2000) (finding that a petition for review incorporating trial court filings "utterly fails to comply with Rule 32.9," and therefore rejecting summarily the claims raised), *disapproved on other grounds by Stewart v. Smith*, 202 Ariz. 446, 450, ¶ 10, 46 P.3d 1067, 1071 (2002).[2]

**¶5**　　　　"We will not disturb a trial court's ruling on a petition for post-conviction relief absent a clear abuse of discretion." *State v. Swoopes*, 216 Ariz. 390, 393, ¶ 4, 166 P.3d 945, 948 (App. 2007) (citation omitted). We are obliged to uphold the trial court if the result is legally correct for any reason. *State v. Perez*, 141 Ariz. 459, 464, 687 P.2d 1214, 1219 (1984); *State v. Cantu*, 116 Ariz. 356, 358, 569 P.2d 298, 300 (App. 1977).

**¶6**　　　　Regarding Luke's Rule 32.1(e) claim, the reports Luke attached to his petition pertained to competency evaluations prepared for criminal matters commenced in 2009 and 2012. The reports also indicate the competency evaluations involved reviews of Luke's mental health records before his retrial. Because the reports were created after Luke's retrial in this case, they were not newly discovered material facts for Rule 32 purposes. And the records mentioned in the reports suggest that any issue regarding Luke's pretrial mental health could have been discovered if diligently pursued. The court did not err in dismissing the Rule 32.1(e) claim. *See State v. Bilke*, 162 Ariz. 51, 52-53, 781 P.2d 28, 29-30 (1989) (noting the requirements for properly asserting a claim for post-conviction relief based on newly discovered evidence include a showing that (1) the evidence must appear on its face to have existed at the time of trial but be discovered after trial, and (2) the petition must allege facts from which the court could conclude the defendant was diligent in discovering the facts and bringing them to the court's attention).

**¶7**　　　　As for the remaining Rule 32 claims, the superior court is authorized to summarily dismiss a Rule 32 proceeding based on preclusion. *See* Ariz. R. Crim. P. 32.2(a), 32.6(c). A claim is precluded when it "has been waived at trial, on appeal, or in any previous collateral proceeding." Ariz. R. Crim. P. 32.2(a)(3). As a general rule, any claim that could have been (or was) raised on direct appeal or in an earlier Rule 32 proceeding is precluded. Ariz. R. Crim. P. 32.2(a); *see State v. Bennett*, 213 Ariz. 562, 566,

---

[2]　　　　Luke asserts that, as a self-represented petitioner, he is entitled to be held to a lesser standard than a lawyer. Arizona law, however, is to the contrary. *See State v. Cornell*, 179 Ariz. 314, 331, 878 P.2d 1352, 1369 (1994) ("[A] defendant acting in propria persona is subject to the same rules as an attorney." (citations omitted)).

¶ 14, 146 P.3d 63, 67 (2006) ("[W]hen ineffective assistance of counsel claims are raised, or could have been raised, in a Rule 32 post-conviction relief proceeding, subsequent claims of ineffective assistance will be deemed waived and precluded." (internal quotation marks, emphasis, and citation omitted)).  A petitioner like Luke, who files a successive notice of post-conviction relief, may only assert claims that fall within Rule 32.1(d), (e), (f), (g), or (h), and must state in the notice "meritorious reasons . . . substantiating the claim and indicating why the claim was not stated in the previous petition or in a timely manner."  Ariz. R. Crim. P. 32.2(b).

¶8          Because Luke's sentencing claims were pursuant to Rule 32.1 (a) (unconstitutional conviction or sentence) and (c) (illegal sentence), they were properly precluded.  *See* Ariz. R. Crim. P. 32.2(a); *see also State v. Peek*, 219 Ariz. 182, 183, ¶ 4, 195 P.3d 641, 642 (2008) (recognizing that a claim of an illegal sentence must be timely presented); *State v. Cazares*, 205 Ariz. 425, 426, ¶ 4, 72 P.3d 355, 356 (App. 2003) (stating that claims of an illegal sentence are covered by Rule 32.1(c), not Rule 32.1(d), (e), (f), (g), or (h)). Luke's ineffective assistance of counsel claim was also properly precluded because it was untimely raised in a successive Rule 32 proceeding.[3]  *See* Ariz. R. Crim. P. 32.1, 32.2; *Bennett*, 213 Ariz. at 566, ¶ 14, 146 P.3d at 67.

¶9          Luke fails to establish the superior court's abuse of discretion. Accordingly, although we grant review, we deny relief.



AMY M. WOOD • Clerk of the Court
FILED:  AA

---

[3]      Even if the claim of ineffective assistance of counsel should not have been precluded, Luke states he did not seek relief on the ground of ineffective assistance of counsel.  Thus, he has abandoned that claim.