NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

ALBERT KARL HEITZMANN, *Petitioner*.

No. 1 CA-CR 16-0162 PRPC

FILED 8-10-2017

Petition for Review from the Superior Court in Maricopa County
No. CR2012-134114-001
The Honorable Pamela S. Gates, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Yavapai County Attorney's Office, Prescott
By Dana E. Owens
*Counsel for Respondent*

Albert Karl Heitzmann, Phoenix
*Petitioner*

---

**MEMORANDUM DECISION**

Chief Judge Samuel A. Thumma delivered the decision of the Court, in which Presiding Judge Margaret H. Downie and Judge Kenton D. Jones joined.

---

**T H U M M A**, Chief Judge:

¶1 Petitioner Albert Karl Heitzmann seeks review of the superior court's order denying his petition for post-conviction relief, filed pursuant to Arizona Rule of Criminal Procedure 32.1 (2017).[1] Absent an abuse of discretion or error of law, this court will not disturb a superior court's ruling on a petition for post-conviction relief. *State v. Gutierrez*, 229 Ariz. 573, 577 ¶ 19 (2012). Finding no such error, this court grants review but denies relief.

¶2 The State charged Heitzmann with one count of misconduct involving weapons and one count of threatening or intimidating. A jury convicted Heitzmann of misconduct involving weapons, and the court imposed a four-year prison term. Although the jury could not agree on a verdict for the threatening or intimidating charge, Heitzmann was found guilty at a retrial. The court suspended sentence on that conviction and imposed a three-year term of probation. This court affirmed Heitzmann's convictions and sentences on direct appeal. *State v. Heitzmann*, 1 CA-CR 13-0318, 2014 WL 2768783 (Ariz. App. June 17, 2014) (mem. dec.) (misconduct involving weapons); *State v. Heitzmann*, 1 CA-CR 14-0074, 2014 WL 6778806 (Ariz. App. Dec. 2, 2014) (mem. dec.) (threatening or intimidating).

¶3 Heitzmann, proceeding as a self-represented litigant, timely sought Rule 32 relief from the weapons conviction. He claimed ineffective assistance of trial and appellate counsel, that "[h]is conviction was a violation of a U.S. Supreme Court decision" and actual innocence. Finding Heitzmann raised no colorable claim, the superior court denied relief. This court granted Heitzmann's petition for review and denied relief. *State v. Heitzmann*, 1 CA-CR 15-0362 PRPC, 2017 WL 1406436 (Ariz. App. April 20, 2017) (mem. dec.).

---

[1] Absent material revisions after the relevant dates, statutes and rules cited refer to the current version unless otherwise indicated.

¶4        After this court's mandate issued in 1 CA-CR 14-0074, Heitzmann sought Rule 32 relief from his threatening or intimidating conviction. The superior court denied relief, and Heitzmann filed a petition for review.

¶5        Heitzmann asserts the superior court committed fundamental error by dismissing his petition. There is, however, no fundamental error review in a post-conviction relief proceeding. *State v. Smith*, 184 Ariz. 456, 460 (1996). Additionally, the petition for review improperly attempts to incorporate superior court filings and other documents by reference, it mentions issues for which Heitzmann provides little or no supporting argument, no supporting legal authority and few, if any, proper citations to the record.

¶6        A petition for review must set forth specific claims, present sufficient argument supported by legal authority and include citation to the record. Ariz. R. Crim. P. 32.9(c)(1)(iv) (petition must contain "[t]he reasons why the petition should be granted" and either an appendix or "specific references to the record," but "shall not incorporate any document by reference, except the appendices"); Ariz. R. Crim. P. 32.9(c)(1)(ii) (petition must state "the issues which were decided by the trial court and which the defendant wishes to present to the appellate court for review").

¶7        "[C]ompliance with Rule 32 is not a mere formality." *Canion v. Cole*, 210 Ariz. 598, 600 ¶ 11 (2005). A petitioner must "strictly comply" with Rule 32 to be entitled to relief. *Id*. Because Heitzmann's petition does not comply with Rule 32, this court concludes he has abandoned and waived any claim of error. *See State v. Bolton*, 182 Ariz. 290, 298 (1995) (insufficient argument waives claim on review); *State v. French*, 198 Ariz. 119 ¶ 9 (App. 2000) (finding petition for review incorporating trial court filings "utterly fails to comply with Rule 32.9" and therefore summarily rejecting claims raised).

¶8        For these reasons, this court grants review but denies relief.

