NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

JERRY LEON PATTON, *Petitioner*.

No. 1 CA-CR 16-0133 PRPC
FILED 9-19-2017

Petition for Review from the Superior Court in Maricopa County
No. CR2011-005333-001
The Honorable Susanna C. Pineda, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By David R. Cole
*Counsel for Respondent*

Jerry Leon Patton, Florence
*Petitioner*

---

**MEMORANDUM DECISION**

Judge Kenton D. Jones delivered the decision of the Court, in which Presiding Judge Margaret H. Downie and Chief Judge Samuel A. Thumma joined.

---

**J O N E S**, Judge:

**¶1**　　　　Jerry Patton petitions this Court for review of the dismissal of his petition for post-conviction relief. We have considered the petition for review and, for the reasons stated, grant review but deny relief.

**¶2**　　　　A jury convicted Patton of three counts of sexual conduct with a minor, a class 2 felony and dangerous crime against children. The trial court sentenced him to three consecutive, presumptive twenty-year prison terms. This Court affirmed the convictions and sentences on appeal. *State v. Patton*, 1 CA-CR 12-0798, 2015 WL 1035206 (Ariz. App. Mar. 10, 2015) (mem. decision).

**¶3**　　　　Patton timely commenced a proceeding for post-conviction relief. After appointed counsel notified the superior court that he found no colorable claims to raise, Patton filed a *pro per* petition for post-conviction relief, alleging impropriety in the grand jury proceedings, an illegal search and seizure, denial of his right to a speedy trial, statute of limitations, denial of due process and equal protection, error in the admission of evidence, prosecutorial misconduct, use of perjured testimony, impermissible vouching, and ineffective assistance of counsel. The court determined Patton failed to establish any colorable claim for relief and summarily dismissed the petition.

**¶4**　　　　On review, Patton argues the superior court erred in denying relief on the statute of limitations, denial of right to speedy trial, and ineffective assistance of appellate and trial counsel claims. We review the summary dismissal of a post-conviction relief proceeding for an abuse of discretion, *State v. Bennett*, 213 Ariz. 562, 566, ¶ 17 (2006) (citing *State v. Krum*, 183 Ariz. 288, 293 (1995)), and will affirm "on any basis supported by the record," *State v. Robinson*, 153 Ariz. 191, 199 (1987) (citing M. Udall & J. Livermore, *Law of Evidence* § 13, at 22 (2d ed. 1982)).

**¶5**　　　　　A petitioner is precluded from raising any claim that has been "[f]inally adjudicated on the merits on appeal." Ariz. R. Crim. P. 32.2(a)(2). Both the statute of limitations and denial of speedy trial rights claims were raised by Patton and rejected by this Court on direct appeal. *See Patton*, 2015 WL 1035206 at *3-4, 7, ¶¶ 18-21, 37. Thus, the superior court properly found both issues to be precluded.

**¶6**　　　　　As to the claims of ineffective assistance of counsel, Patton does not offer any specifics as to the nature of the claims; instead, his petition for review of this claim consists solely of a two-page document that refers to other filings made in the trial court. However, a petitioner may not proceed with a petition for review merely by incorporating documents by reference. Ariz. R. Crim. P. 32.9(c)(iv). And, a petitioner "must strictly comply with Rule 32 or be denied relief." *State v. Carriger*, 143 Ariz. 142, 146 (1984) (citing *State v. Gause*, 112 Ariz. 296, 297 (1984)); *see also State v. French*, 198 Ariz. 119, 122, ¶ 9 (App. 2000) (holding a petition for review incorporating trial court filings "utterly fails to comply with Rule 32.9" and rejecting summarily the claims raised), *disapproved of on other grounds by Stewart v. Smith*, 202 Ariz. 446, 450, ¶ 10 (2002); *Canion v. Cole*, 210 Ariz. 598, 600, ¶ 11 (2005) ("The insistence on compliance with Rule 32 is not a mere formality. . . . Rule 32 sets forth an orderly procedure . . . that facilitates consideration . . . of a defendant's claims for post-conviction relief."). Under these circumstances, Patton is not entitled to relief on his petition for review.

**¶7**　　　　　Nonetheless, we have reviewed the documents referenced in the petition for review and find them insufficient to establish a colorable claim of ineffective assistance of counsel. To state a colorable claim of ineffective assistance of counsel, a defendant must show not only that counsel's performance fell below objectively reasonable standards, but also that the deficient performance prejudiced him. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). With respect to the prejudice prong, a defendant must show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. While a defendant must satisfy both prongs of the *Strickland* test, a court is not required to address both prongs "if the defendant makes an insufficient showing on one." *Id.* at 697. A petition for post-conviction relief is subject to summary dismissal if it fails to state a colorable claim for relief. *See* Ariz. R. Crim. P. 32.6(c).

**¶8**　　　　　Our review of the referenced documents finds they consist of general allegations that trial counsel failed to consult with Patton and keep him informed of important developments in the case and failed to handle

the case in the manner Patton believed he should have. A defendant does not state a colorable claim, requiring a hearing under Rule 32, based upon mere generalizations and unsubstantiated claims of ineffective assistance of counsel. *See State v. Borbon*, 146 Ariz. 392, 399 (1985). Furthermore, Patton has not shown a reasonable probability that the outcome would have been different in the absence of the alleged defects in counsel's performance. *See State v. Tison*, 129 Ariz. 546, 556 (1981) ("The burden of establishing the ineffectiveness of trial counsel is upon a claimant, and proof of ineffectiveness must be a demonstrable reality not merely a matter of speculation."). Patton failed to establish a colorable claim of ineffective assistance of counsel through his generalizations, and we cannot say the superior court abused its discretion in dismissing the claim.

**¶9** Accordingly, we grant review and deny relief.



AMY M. WOOD • Clerk of the Court
FILED: AA