NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Respondent,*

*v.*

DYLAN SHANE COFFEY, *Petitioner.*

No. 1 CA-CR 20-0254 PRPC
FILED 10-15-2020

Petition for Review from the Superior Court in Maricopa County
No. CR2017-159203-001
CR2018-001549-001
The Honorable John Christian Rea, Judge

**REVIEW DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Jeffrey R. Duvendack
*Counsel for Respondent*

Dylan Shane Coffey, Eloy
*Petitioner*

---

**MEMORANDUM DECISION**

Presiding Judge James B. Morse Jr., Judge Maria Elena Cruz, and Judge Paul J. McMurdie delivered the decision of the court.

---

**PER CURIAM**:

**¶1**        Petitioner Dylan Shane Coffey petitions this court for review from the dismissal of his petition for post-conviction relief.[1]  We will not disturb that order unless the court abused its discretion.  *See State v. Roseberry*, 237 Ariz. 507, 508, ¶ 7 (2015).  Because Coffey has not complied with Arizona Rule of Criminal Procedure ("Rule") 33, we deny review.

**¶2**        Coffey pled guilty by plea agreement to armed robbery and aggravated assault, both Class 2 dangerous felonies, in two cases. Following the terms of the plea, the superior court sentenced Coffey to concurrent prison terms, the longest being twelve-and-a-half years.  Coffey timely filed a notice of post-conviction relief, *see* Rule 33.4, and the superior court appointed counsel to represent him.  After reviewing the record, counsel found no claims for relief to pursue in post-conviction proceedings. Coffey then proceeded to represent himself, arguing that the court lacked subject matter jurisdiction and alleging multiple constitutional and due process violations.  Coffey also filed multiple motions to dismiss for lack of jurisdiction.  The superior court summarily dismissed the petition and denied all motions.

**¶3**        Coffey timely sought review of the superior court's decision. In his petition for review, Coffey states the "trial court failed to conform to certain constitutional provisions" and then lists his numerous filings in superior court.  He fails to identify with sufficient specificity the issues the superior court addressed and has neither summarized the facts material to the consideration of those issues, nor specified the reasons we should grant his petition for review and grant him relief, as required by Rule 33.16(c)(2). Instead, Coffey attempts to incorporate by reference his petition for post-conviction relief and motions to dismiss filed in superior court, a procedure not permitted by the rule.  *See* Ariz. R. Crim. P. 33.16(c)(2) (petition for review must contain "reasons why the appellate court should grant the

---

[1]        Effective January 1, 2020, our Supreme Court amended the post-conviction relief rules.  *See* Ariz. Sup. Ct. Order R-19-0012 (Aug. 29, 2019).

petition" and "specific references to the record"); *State v. Bolton*, 182 Ariz. 290, 298 (1995) (insufficient argument waives claim on review); *State v. Carriger*, 143 Ariz. 142, 146 (1984) ("Petitioners must strictly comply with [Rules governing post-conviction relief] or be denied relief."); *State v. French*, 198 Ariz. 119, 122, ¶ 9 (App. 2000) (finding petition for review incorporating trial court filings "utterly fails to comply" with Rules governing post-conviction relief and therefore rejecting summarily claims raised), *disapproved on other grounds by Stewart v. Smith*, 202 Ariz. 446, 450, ¶ 10 (2002). Coffey's failure to comply with Rule 33.16 justifies our refusal to grant review. *See* Ariz. R. Crim. P. 33.16(k) (describing appellate review as discretionary).

¶4   Accordingly, review of the trial court's order is denied.



AMY M. WOOD • Clerk of the Court
FILED: AA