NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

JAYSON DICKINSON, *Petitioner*.

No. 1 CA-CR 20-0127 PRPC
FILED 02-04-2021

Petition for Review from the Superior Court in Navajo County
No. CR2019-247
The Honorable Ralph E. Hatch, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Navajo County Attorney's Office, Holbrook
By Michael R. Shumway
*Counsel for Respondent*

Jayson Dickinson, Safford
*Petitioner*

---

## MEMORANDUM DECISION

Presiding Judge Samuel A. Thumma, Judge Jennifer B. Campbell and Judge David D. Weinzweig delivered the decision of the Court.

---

**PER CURIAM**:

¶1 Petitioner Jayson Dickinson petitions this court for review from the dismissal of his petition for post-conviction relief. We grant review and deny relief.

¶2 Dickinson pled guilty to burglary in the third degree and theft of means of transportation with a stipulation to probation. If Dickinson failed to appear for sentencing, the plea agreement permitted the court to impose any lawful sentence not exceeding the maximum term of imprisonment. Dickinson did not personally appear for sentencing in July 2019, though he appeared telephonically. The court reset sentencing and rejected the stipulations in the plea agreement. The court sentenced Dickinson to concurrent sentences of imprisonment, the longest being 3.5 years. Not long after, the court vacated Dickinson's sentence and resentenced him to 2.5 years for burglary in the third degree followed by 3 years of intensive probation for theft of means of transportation.

¶3 Dickinson timely petitioned the superior court for post-conviction relief of-right in propria persona after his counsel found no colorable claims for relief. The court summarily dismissed the petition. Dickinson seeks review. We will not disturb the ruling unless the court clearly abused its discretion. *See State v. Swoopes*, 216 Ariz. 390, 393, ¶ 4 (App. 2007).

¶4 Dickinson raises the same arguments rejected in the superior court, including that his telephonic appearance at sentencing was not a triggering event to reject the stipulations of the plea agreement and ineffective assistance of counsel. Dickinson does not, however, identify any factual or legal error in the court's ruling. He cites no evidence or authority and fails to meaningfully develop his argument. *See* Ariz. R. Crim. P. 33.7(b), (e) ("A petition . . . must include a memorandum that contains citations to relevant portions of the record and to relevant legal authorities[,] . . . [and] any affidavits, records, or other evidence currently

available to the defendant supporting the allegations in the petition."). For these reasons, Dickinson has not shown a colorable claim and his arguments are waived. *See State v. Donald*, 198 Ariz. 406, 414, ¶ 21 (App. 2000) (to warrant an evidentiary hearing, a Rule 32 claim "must consist of more than conclusory assertions"); *see also State v. Stefanovich*, 232 Ariz. 154, 158, ¶ 16 (App. 2013) (insufficient argument waives claim on review); *State v. French*, 198 Ariz. 119, 122, ¶ 9 (App. 2000) (summarily rejecting claims not complying with rules governing form and content of petitions for review), *disapproved on other grounds by Stewart v. Smith*, 202 Ariz. 446, 450, ¶ 10 (2002).

**¶5**     We grant review and deny relief.



AMY M. WOOD • Clerk of the Court
FILED:       JT