NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

KENNETH RAMON KENSEY, *Petitioner*.

No. 1 CA-CR 20-0203 PRPC
FILED 3-16-2021

Petition for Review from the Superior Court in Maricopa County
No. CR2009-006898-001
The Honorable Jay Ryan Adleman, Judge

**REVIEW DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Amanda M. Parker
*Counsel for Respondent*

Kenneth Ramon Kensey, Eloy
*Petitioner*

**MEMORANDUM DECISION**

Judge Lawrence F. Winthrop delivered the decision of the Court, in which
Acting Presiding Judge Cynthia J. Bailey and Judge Jennifer B. Campbell
joined.

**W I N T H R O P**, Judge:

**¶1**        Kenneth Ramon Kensey seeks review of the trial court's order summarily denying his "Request to Clarify Nature of Sentence for ADOC." For the reasons that follow, we deny review.

**¶2**        On May 5, 2008, Kensey shot an on-duty Phoenix police officer during a traffic stop. The State charged Kensey with attempted first degree murder, aggravated assault on a police officer, drive by shooting, three counts of aggravated driving under the influence, and misconduct involving weapons. Kensey pled no contest to the indictment, acknowledged two prior felony convictions, and admitted to an aggravating factor. The trial court sentenced Kensey to concurrent prison terms, the longest being 30 years, with 620 days of presentence incarceration credit.

**¶3**        Kensey filed successive post-conviction relief ("PCR") notices in 2010, 2011, 2012, 2015, 2017, and 2018, raising various issues. *See* Ariz. R. Crim. P. ("Rule") 32. The trial court denied each of those six previous PCRs. Kensey twice petitioned this court for review of the trial court's denial of his PCR proceedings, and in each case, we granted review and denied relief. *See State v. Kensey*, 2 CA-CR 2013-0558-PR, 2014 WL 1569564, at *2, ¶ 6 (Ariz. App. Apr. 18, 2014) (mem. decision); *State v. Kensey*, 1 CA-CR 18-0657 PRPC, 2019 WL 386342, at *1, ¶ 4 (Ariz. App. Jan. 31, 2019) (mem. decision).

**¶4**        On October 21, 2019, Kensey filed in the trial court a "Request to Clarify Nature of Sentence for ADOC," in which he explained that the Arizona Department of Corrections ("ADOC") was treating his sentence for aggravated assault against a police officer as a flat time sentence. He argued that, properly construed, the sentencing statutes did not support a flat time sentence, and he should be eligible for release after completing eighty-five percent of his sentence. The State responded that ADOC was correct because in 2008, a person convicted of aggravated assault on a police officer was "not eligible for suspension of sentence, commutation or release on any basis until the sentence imposed [wa]s served." Ariz. Rev. Stat. ("A.R.S.") § 13-604(U) (2001) (most currently recodified as A.R.S. § 13-1204(C)).[1]

---

[1]      We note, however, that despite having advised Kensey at the change of plea hearing that several of the sentences were required to be flat time sentences, the sentencing court also imposed community supervision on

**¶5** Treating Kensey's filing as simply a motion, Judge Adleman denied the motion. Kensey then filed an "Appeal/Petition for Review of Superior Court's Order Denying Request to Clarify Nature of Sentence" in this court, which we are treating as a petition for review. *See State v. Pfeiff*, 2 CA-CR 2019-0082-PR, 2019 WL 2246711, at *1, ¶ 3 (Ariz. App. May 24, 2019) (mem. decision).

**¶6** Factually, this case is analogous to *State v. Pfeiff*. In *Pfeiff*, a prisoner incarcerated in ADOC wrote a letter to the trial court explaining that, despite having informed ADOC that he would be eligible for release after completing eighty-five percent of his sentence, ADOC had not recalculated his release date. *Id.* The trial court declined Pfeiff's request to instruct ADOC that it had miscalculated his release date. *Id.* Pfeiff then asked this court to direct ADOC to recalculate his sentence. *Id.* This court concluded, however, that Pfeiff's initial letter filed in the trial court was not a proper petition for post-conviction relief. *Id.* at ¶ 4. Because Pfeiff's initial letter in the trial court did not comply with Rule 32, this court denied review. *Id.* at ¶¶ 4-5.

**¶7** For the same reasons, this court denied Pfeiff's petition for review, we also deny Kensey's petition for review. In his "Request to Clarify Nature of Sentence for ADOC," Kensey made no mention of a petition for post-conviction relief or Rule 32, and he did not "explain the reasons for not raising the claim in a previous notice or petition, or for not raising the claim in a timely manner," as Rule 32.2(b) requires.[2] Further, although the minute entry assigning the case to Judge Adleman characterized the proceeding as a "Rule 32 proceeding," that minute entry

---

each count. The prosecutor did not object to community supervision, and the State did not appeal the sentences.

[2] In *Pfeiff*, this court observed in a footnote that even if the court could liberally construe Pfeiff's letter as a petition for post-conviction relief, "it would have been precluded as a successive proceeding," and further observed that Pfeiff had not asserted "that his claim fell within one of the specific exceptions to preclusion or provide 'the reasons for not raising the claim in a previous notice or petition, or for not raising the claim in a timely manner,' as Rule 32.2(b) requires." 2 CA-CR 2019-0082-PR, 2019 WL 2246711, at *1, ¶ 4 n.1. Here, Kensey did attach to his "Request to Clarify Nature of Sentence for ADOC" an "Inmate Letter Response" from ADOC dated September 27, 2019, advising him that his sentence for aggravated assault against a police officer was a flat time sentence. He provided no further compliance with Rule 32.2(b), however.

was the only reference to a Rule 32 proceeding in the trial court. The State's response and amended response, Kensey's reply, and the trial court's orders all made no mention of a petition for post-conviction relief or Rule 32 and simply treated Kensey's request as a motion noncompliant with Rule 32.2. Because there was no proper petition for post-conviction relief pending before the trial court, Kensey's pleading here also fails. *See Pfeiff*, 2 CA-CR 2019-0082-PR, 2019 WL 2246711, at *1, ¶ 4. Accordingly, our summary denial of review is justified. *See id.* (citing *State v. French*, 198 Ariz. 119, 122, ¶ 9 (App. 2000) (summarily rejecting claims not complying with rules governing form and content of petitions for review), *disapproved on other grounds by Stewart v. Smith*, 202 Ariz. 446, 450, ¶ 10 (2002)).

**¶8**        For the foregoing reasons, we deny review.



AMY M. WOOD • Clerk of the Court
FILED:    AA